JUDGE PRYOR
delivered the opinion oe the court.
D. C. Yeager, in order to satisfy a debt he was owing Bellwood (the appellee), gave to the latter an order on the appellant Weinstock for the money, Weinstock being indebted to Yeager.
Weinstock refusing to accept the order, Bellwood instituted *140 this action against Weinstock and Yeager, alleging the refusal of the appellant Weinstock to accept the order; that Weinstock was indebted to Yeager, at the time of its presentation, by note then due, and in a sum more than sufficient to pay the amount of the order.
A demurrer was sustained to the original petition, and the appellee having filed an amendment, the substance of which is stated, a general demurrer was again entered to the petition as amended, and overruled, and the appellant electing to stand by his demurrer, a judgment was rendered for the appellee for the amount of the order, of which the appellant now complains.
It is a well settled rule of law that a claim entire and indivisible can not be so severed as to give to the payee or his assignee the right to maintain two distinct actions upon it; in other words, such a claim can not constitute the basis of two actions. The note or claim by Yeager on Weinstock might have been assigned under our statute so as to vest the right of action in Bellwood, but an assignment of part of the debt did not vest the assignee with any greater right than the assignor himself had. The assignor or original payee could not have instituted his action to have recovered part of the demand or have enforced partial payments by the debtor, and to rule otherwise would make the causes of action for the recovery of an entire debt as numerous as the unaccepted orders given by the payee. There is no doubt but what the debtor may consent to this partial appropriation of his indebtedness by his creditor in his acceptance of the order, and such an acceptance will authorize the holder to maintain an action upon it; but without this acceptance there is no privity of contract between the parties, and no right of action exists.
This is unlike the case of Lester & Co. v. Given, Jones & Co. (8 Bush, 358). The appellees in that case were bankers, and sued on a check given by one of the depositors. The bank held the money as the mere bailee of the depositor, and *141 undertook as a part of its business to pay out the money as it might be checked for by the depositor. An ordinary debtor does not undertake to pay his debt in that way, nor can he be compelled to make such payments. (Mandeville v. Welch, 5 Wheaton, 285; 18 Ben. Monroe, page 756.)
The demurrer to the petition as amended should also have been sustained. The judgment is reversed and cause remanded with directions to dismiss the petition.