On Application nor Rehearing.
Appreciating the importance of the question involved as to the status which the holder of a check sustains towards the bank on which it is drawn, we have carefully reconsidered our opinion under the light of the authorities quoted in the learnod’brief for rehearing.
There are few questions upon which authorities have been more conflicting.
In direct opposition to those quoted, are the opinions of both Judge Story and Chancellor Kent. In the matter of Brown, 2 Story Rep. 502; 3 Kent’s Com. p. 105, author’s own note to the 4th edition.
To these we may add the following direct authorities: Lester vs. Green, 8 Bush, (Ky.) 357; Weinstock vs. Bellwood, 12 Bush, 139; *610 Mum vs. Burch, 25 Ill. 35; Union vs. Oceana, 80 Ill. 212; McGrade vs. German; 4 Mo. App. 330; Deener vs. McArthur, 1 McA. (D. C.) 350; Fogarties vs. Bank, 12 Rich. (S. C.) 518. There exist many others.
In his able work on Banks and Banking, Mr. Morse states the condition of the authorities on the subject down to the decision in the Millard case, (10 Wallace) and expresses his opinion, that the preponderance of direct authority was in favor of the holder’s right to sue. Morse on Banks and Banking, pp. 525-537.
This Court had held substantially in favor of the right of the holder. Vanbibber vs. Louisiana, 14 A. 481.
In the Millard case, the Supremo Court of the United States, for the first time, had the question directly presented to it. It decided adversely to the holder’s right, on technical principles peculiar to the common law, and having no place in our system.
If the question, in common law States, is to be determined according to common law principles, it should seem that, in this State, it should be determined according to our law.
The decision is not rested by the Supreme Court on any principle of the lex mercatoria.
This Court, in Case vs. Henderson, and Case vs. Marchand, (23 A. 49, 60) blindly followed the authority of the Millard ease, without comment or discussion.
Wo think it erred therein on principle.
But, if there were doubt, we have now the well-considered opinion of Mr. Justice Miller, one of the most learned judges of the Supreme Court, who himself participated in the Millard decision, holding that a bank check operates an equitable assignment in favor of the holder, which he may enforce against the bank in equity, though not at law. Coates vs. Bank, 12 Reporter, 514.
Wo believe this to be sound doctrine, and, being so, it ends the question, so far as this Court is concerned, which enforces rights known in common law States as “ equitable rights.” Jackson vs. Tiernan, 15 La. 485.
The conclusion reached is in harmony with common sense and with the principles of our law; and we adhere to it.
Rehearing refused.