**436** KENTUCKY REPORTS. [VOL. 86.

Commonwealth v. King. Same v. Harper. Same v. Mahin.

CASE 61—INDICTMENTS—DECEMBER 17.

# Commonwealth v. King.
# Same v. Harper.
# Same v. Mahin.
# Same v. McCloskey.
# Same v. Weeder.
# Same v. Neal.

APPEALS FROM MONTGOMERY CIRCUIT COURT.

1. LOCAL OPTION.—The voters of a civil district having, by a vote under the general " Local Option" law, prohibited the sale of liquors within the district, the voters of a town forming a part of the same district can not, by a separate vote under the same law, permit the sale of liquor within the town limits; and a license to retail liquor issued by the county judge, because of such a vote, affords the licensee no protection.

2. SAME—ELECTION.—Where a vote is to be taken in a city or town under the local option law, the order to hold the election should be addressed to the city or town authorities, and the election held under their supervision at the next regular town or city election, and not at a State election, under the supervision of the sheriff.

3. PRACTICE.—It was not necessary for the court to separate its findings of law and fact, as neither the law nor the facts, nor both combined, authorized the judgment rendered.

H. L. STONE FOR APPELLANT.

1. A city election held by a sheriff or coroner is void. It should be by the officers of the municipality.

2. A majority of the legal voters in a civil district having voted against the sale of liquor within that district, a municipality therein can not by vote authorize the sale of liquor. (Commonwealth v. Weller, 14 Bush, 223; Commonwealth v. Hoke & Yocum, 14 Bush, 672; 14 Bush, 164; Gayle v. Owen County Court, 6 Law Reporter; Commonwealth v. Bozie, MS. Op., Sept. 25, 1886.)

J. H. HAZLERIGG AND WOOD & DAY FOR APPELLEES.

1. A municipality may by vote legalize the sale of liquor within its bound-

ary, although a civil district embracing the city may have previously voted against the sale.

2. A city charter authorizing the granting of license to sell liquor is not repealed by the local option law.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

These appellants were indicted for selling spirituous liquors in violation of the local option law. A district known as district No. 5 had been created by legislative enactment, embracing the city of Mount Sterling and much of the territory, including many voters, outside the city boundary. A vote was taken in this district in 1882 for and against the sale of liquors, resulting in a majority favoring local option. After this, in the year 1884, a part of this district, viz., the city of Mount Sterling, without any other or further legislative power or change in the district, again voted on the question, and a majority being against local option, the county judge, regarding the former law or vote no longer effectual, granted to these appellees license to retail liquor. They were indicted, and the circuit judge concurring with the county judge, dismissed the indictments, and the State has appealed.

In the local option law it is provided, that on the petition of at least twenty legal voters in any district, town or city, it shall be the duty of the county judge to make an order, at his next regular term after receiving the petition, directing the sheriff, or other officer whose duty it may be to hold the election, to open a poll in said district, town or city, at the next regular State, town, city or county election held therein, for the purpose of taking the sense of the legal voters in said district, town or city, on the proposition whether or not spirituous, vinous or malt liquors shall be sold therein.

This character of legislation originates from the police power of the State, and the Legislature, in looking to the exercise of the power in this case, saw proper to create a district, including the city of Mount Sterling, in which the vote should be taken, and so long as that district remains it can not be reversed, except at the will of the Legislature, so as to take another vote in parts of the district on the same question. A town or city may become a part of a district where this vote is to be taken, when the Legislature in its wisdom deems it necessary for the public good in the particular locality, and the courts are powerless to change it. It therefore results that the vote last taken did not in any manner protect the parties licensed in what they supposed to be their right to sell. It may present a case for Executive clemency, but not for judicial interference.

Again, it seems to this court, that if the right to order the election existed, the order to conduct and hold the election should have been addressed to the city authorities, in order that the election might be held by the city officers appointed or already designated for that purpose under the provisions of the city charter, the election to be held at the next regular city election.

In this case the election was held by the sheriff or the coroner at a State election, and the entire municipal authority ignored. The qualification of the voters in the city being altogether different as to age, citizenship and residence, it is essential that such an election should be held under the supervision of the city authorities. They are directly interested in the result, and

the interests of the municipality certainly require that in questions affecting the particular city or town to be determined by the popular vote, the mode of conducting the election, when ordered, should be with the municipal power and not with the sheriff, unless otherwise directed by the act under which the vote is to be taken.

The county judge is required to direct the sheriff, or other officer *whose duty it may be to hold the election*, to open a poll in said district, town or city, at the next regular State, city or county election, etc., the act evidently meaning, that when in a city or town, the vote is to be taken at a regular city or town election, and not to mingle the one election with the other, or to vest in the sheriff, by the order of the county judge, the exercise of a municipal power that has already been lodged in those who have the control of, and are directly interested in, the conduct of municipal elections.   For these reasons, and without considering the other questions raised, these judgments must be reversed, and are now remanded for a new trial in conformity with this opinion.   Neither the law nor the facts, nor both combined, authorized the judgment rendered.   It was, therefore, not necessary to separate the one from the other in the findings below.