CASE 15—ACTION FOR TRESPASS—OCT. 5.

# Keaton, &c. v. Sublett, &c.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF, AND DEFENDANT APPEALS. REVERSED.

APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL—ADVERSE POSSESSION—CHAMPERTY.

Held: 1. Where an ordinary action was transferred to equity, and tried as an equity action, no motion for a new trial was necessary to authorize a review of the judgment on appeal.

2. Where another than the patentee was in the adverse possession of land at the time a patent was issued, claiming to a well-defined boundary, and continued to hold the land adversely for fifteen years thereafter, the patentee was barred.

3. Where an answer showed that the right of entry upon the part of plaintiffs no longer existed by reason of the adverse holding of defendants and their ancestor, and that defendants were relying upon the lapse of time to bar a recovery, the statute of limitations was sufficiently pleaded.

4. An answer averring that the possession of defendants had been "actual, peaceable, quiet, open, notorious, and adverse" sufficiently alleged that the possession was exclusive and visible.

5. A conveyance of land in the adverse possession of another than the grantor was champertous and void.

6. In an action for trespass, it was not necessary to plead champerty, as that could be given in evidence under the general issue.

W. H. HOLT, ATTORNEY FOR APPELLANT.

1. If the land in contest is embraced in the Reynolds' (Va.) patent which was filed in evidence, then the Kentucky patents of 1896, gotten out by Craft and appellee, are void, and appellee has never been in possession.

2. Even if not within the Reynolds' patent, yet if appellants had only a possessory title at the bringing of this action on Jan. 20, 1896, then the appellee must fail.

3. General reputation is competent to show an old line boundary or corner, especially when it is an old line affecting many people and of a *quasi* public nature. 2 Littell, p. 159, Smith v. Howells; 20 Ky. Law Rep., 272 Woolley's Admr. v. McCormick.

Keaton &c. v Sublett &c.

W. W. McGUIRE, ATTORNEY FOR APPELLANTS.

There are four distinct reasons why this case should be reversed:

1. The land is covered by the James Roynolds patent, and the appellants have such connection with it as enables them to plead it. The appellee's patent is therefore void.

2. The appellants have shown, unquestionably, an actual open, continuous, adverse and exclusive possession of this land for more than fifteen years, claiming it to a well defined boundary.

3. The appellant's possession has been so notorious that even the appellee himself knew it for more than fifteen years.

4. The appellee's deed both from Sanford Craft to himself and from Sanford Craft to Wm. Craft, and from Wm. Craft to appellee, and the patent from the Commonwealth to Sanford Craft are each and all champertous and void. Ky. Stats., sec. 210, 212; Also 2505 and 4704; Terrell v. Herron, 4 J. J. Mar., 527; Marshall v. McDaniel, 12 Bush., 381; McDowell v. Kenney, 3 J. J. Marshall, 519; Beeler v. Coy, 9, B. M., 313; Voorhees v. White, 2 Mar., 27; Taylor v. Buckner, 2 Mar., 18; Herndon v. Wood, 2 Mar., 44; Hord v. Walton, 2 Mar., 621; Moore v. Webb, 2 B. M., 284.

D. D. SUBLETT, W. S. PRYOR & J. H. SUBLETT, ATTORNEYS FOR APPELLEE.

1. Appellants did not take any exceptions to the rulings of the court on any question except the general exception set out in the judgment, and did not file grounds and make a motion for a new trial, and did not file or offer to file a bill of exceptions.

2. Appellant's deed from William Lykins confers no title nor color of title.

3. The boundary of appellant's claim is not sufficiently set out in the deed to show the extent of possession.

4. The appellant failed to show that the James Reynolds' patent covered any part of the land claimed by appellee.

5. Appellants do not plead or rely on adverse possession.

6. The plea of adverse possession is an affirmative plea, and the burden is cast upon him who interposes and relies on it. It must be specifically pleaded or it is waived.

AUTHORITIES CITED.

Civil Code, sec. 128, sub. sec. 3; Vaughn v. Mills, 18 B. M., p. 633; Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678; Aratram, &c., v. Thomas, 4 R., 430; Murray & Barnes v. Dejarnett, 15 R., 879; Browning v. Kelly, 15 R., 704; So. Div. Cin. & O. R. R. v. Marion

Co., 11 R., 329; Jenne v. Matlock, 19 R., 503; Simmes & Harris
v. Lockhart &c., 19 R., 1439; The Albin Co., v. Ellinger, 19 R.
1891; Freeman on Executions, sec. 281 & 340, Chenault v. Ques-
enberry, 19 R., 1634; Bushnell on Limitations of Actions, sec. 335;
Cissel v. Napier, 3 R., 690; U. S. Supreme Court Reports 102, p.
113; Ky. Stats., sec. 1627; Woolley v. McCormack, 20 R., Amer.
& Eng. Enc. of Pleading and Practice, 13 vol. 286; Luen v.
Willson, 85 Ky., 503; Hafendorfer v. Gault, 84 Ky., 125; Dembitz
on Real Estate Titles, vol. 2, 1392; Board v. Jolly, 5 Bush., 86;
Whitney v. Whitney, 5 Dana., 451; Whitlock v. Redford, 82
Ky., 393; Rankin v. Turney, 2 Bush., 556; Henderson v. Dupree,
82 Ky. Rep., 678; Kesler v. Slaughter, 20 Law Rep., 1937; 18 B.
Mon., 633; Ky. Stat. sec. 1627; Tiedeman on Real Property, sec.
696; Chiles v. Calk, 4 Bibb., 554; Hartley v. Hartley, 3 Met., 50;
Taylor v. Combs, 20 L. R., 1828; Greenleaf on Evidence, sec. 145;
Chiles v. Drake, 2 Met., 146; Stillwell v. Leavy, 84 Ky., 379;
Judge v. Braswell, 13 Bush., 67; Frakey v. Peters, 12 Bush, 451;
Whitlock v. Redford, 82 Ky., 393; Kohn v. The Rodgers & Pot-
tinger Jew. Co., 19 Ky., 1806; Coleman v. Mead 13 Bush, 358;
Beeler v. Sanders, (as to motion for new trial) 20 R., 1581; 4
J. J. Marshall, 137; 4 Bush, 611; 8 Dana, 165; 9 B. Monroe, 82;

Opinion of the court by JUDGE PAYNTER—Reversing.

This is an action for trespass. After the answer had
been filed, the plaintiff moved to transfer it to equity, to
which the defendants consented. It was prepared and
tried as an action in equity. No oral testimony was of-
fered upon the trial, no issue out of chancery was ever
asked or granted, and no motion for a new trial was
made or grounds filed therefor. Neither is there a bill
of exceptions. It is insisted by appellee that, as no mo-
tion for a new trial was made, the only question before
the court is as to whether the petition states a cause
of action. This involves the question as to whether a mo-
tion and grounds for a new trial were necessary. To sus-
tain his contention, Helm v. Coffey, 80 Ky., 176, Hender-
son v. Dupree, 82 Ky., 678, and Simms v. Lanehart (Ky.)
(38 S. W., 490,) are cited. The case was properly on the
ordinary docket, yet the parties seem to have conceived

the idea that it ought to be tried in equity; hence it was so transferred. As they treated it in the preparation and trial as an action in equity, no motion and grounds for a new trial were necessary. The cases cited do not sustain appellee's contention., Helm v. Coffey was a common-law action where the law and facts were submitted to the court, and it was there held that a motion and grounds for a new trial were necessary in order to obtain by this court a review of the judgment. If this action had remained upon the common-law docket, and been tried as a common-law action, then Helm v. Coffey would apply. Henderson v. Dupree was an equitable action, and was converted into one of ejectment, but was never transferred to the ordinary docket. However, by an agreement, an order was entered for a trial by jury, and a day fixed therefor, and, not then being tried, it was afterwards by consent submitted to the court, and a jury waived. The parties treated it as, and tried the issue as, an ordinary action; hence the court held that a motion and grounds for a new trial should have been made, properly recognizing the doctrine of Helm v. Coffey. In Simms v. Lanehart the action was pending in equity. The court ordered an issue out of chancery, and a day was fixed for trial by jury. When the case was called for trial on the issue out of chancery, the parties, by agreement, waived a jury, and consented that the court might try both law and facts. This court ruled that a motion and grounds for a new trial were necessary, which was a recognition of the doctrine of Henderson v. Dupree.

The appellee claims the land under two patents issued by the Commonwealth of Kentucky,—one to Sanford Craft, dated June 10, 1876, and one to William Craft, bearing the same date. Sanford Craft, on March 22, 1893, execut-

ed a deed purporting to convey the land embraced by his patent to William Craft. On March 24, 1893, William Craft executed a deed to the appellee, purporting to convey to him the land covered by both of the Craft patents.

The appellants claim the land by adverse possession by themselves and through their father, George W. Keaton. They claim to have held it under a deed which William Lykins made to their father on May 11, 1849, at the same time claiming that it is embraced in what is known as the "James Reynolds Patent," which was issued to him by the Governor of Virginia in 17—, it being claimed that Lykins acquired title by a sale made under an execution against the heirs of the patentee, Reynolds. The testimony shows that George W. Keaton entered within the boundary claimed by the appellants in about 1842 or 1843. There is testimony tending to show that he acquired the possession of one Patrick. Afterwards he got a quitclaim deed from Lykins to a boundary of land which included the Patrick possession, if the Patrick possession did not extend to the boundaries described in the Lykins deed. He lived upon the land, cleared and fenced part of it, and claimed it as his home, at least from the time he received his deed from Lykins until he died, some time in 1883, and the appellants continued to hold possession of it until this action was instituted, in 1896.

Many questions are raised by counsel for appellee as to the effect of a deed which Keaton obtained from Lykins; among others that the appellants have not connected themselves with the James Reynolds patent, and have not shown that that patent covers the land in controversy. It must be admitted that the appellants' father entered upon this land under a color of title, and claimed it as his own, until this action was instituted. We will not enter into a

discussion of the question as to whether he had a perfect title before a patent was issued to the Crafts. He was in the actual, adverse possession of the land, claiming it as his own, until and at the time the patents were issued to the Crafts, in 1876, and that possession continued until this action was brought. The theory of the appellee is that it was vacant land at the time the patents under which he claims were issued, and that an actual adverse holding, if there was one, did not toll the Commonwealth's right of entry. Assuming this to be true, still the same holding which constitutes actual possession of an individual's land will constitute actual possession of that belonging to the Commonwealth. Having entered upon the land, and claimed to a well-defined boundary, although the land was vacant and unappropriated at the time he took possession, and during the time he held it, his actual possession was co-extensive with the boundary claimed. He may not have acquired a pre-emptive right by his settlement, the land being subject to appropriation by other persons when the patents issued to the Crafts. Therefore the previous possession could not affect the interest which the Crafts acquired from the Commonwealth. Assuming this to be true, still their father's possession became adverse to the Crafts as soon as they obtained patents, and having continued uninterrupted until this action was brought, in 1896, without entry by the Crafts, it forms a complete bar to the right of entry and recovery. In Beeler v. Coy. 9 B. Mon., 312, the court held that the issue of a patent at the instance of a patentee is not a direct assertion of title on the part of the Commonwealth, but a mere grant of her right as it exists. If one, therefore, has acquired a right by possession and lapse of time, or the patentee permits the possessory right to ripen into a

perfect title, the possession can not be recovered by the patentee.

In our opinion, the answer sufficiently pleads the statute of limitations. If its averments are true, it showed the right of entry upon the part of the Crafts no longer existed by reason of the adverse holding of the appellants and their father.  It clearly shows that they were relying upon the statute of limitations to bar a recovery; hence appellee was fully advised of the fact that they relied upon a lapse of time as a bar to a recovery.

Counsel argues that the answer did not aver that the possession was exclusive and visible.   The averment is that it  was  actual,  peaceable,  quiet,  open,  notorious and adverse.  If   it was actual and open, it was certainly exclusive and visible.

It follows from the foregoing views, regardless of what the rights of the appellants may have been, if the Reynolds patent covers the land in question, that the appellee failed to manifest a right to maintain his action.   However, in addition to all this, the land was in actual adverse possession at the time Craft conveyed it to the appellee, which rendered the conveyance champertous and void.  It was not necessary to plead champerty that could be given in evidence under the general issue.  The judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing filed by appellee and overruled.