## Metropolitan Life Insurance Company v. Hightower.

(Decided November 6. 1925.)

### Appeal from Todd Circuit Court.

1. Garnishment—Foreign Corporation Doing Business Within the State Held Subject to Garnishment for Debt Due Nonresident Defendant.—Foreign corporation doing business within the state held subject to garnishment for debt due nonresident defendant, since fact that he could enforce collection of his debt within the jurisdiction entitles his creditor to do likewise.

2. Garnishment—Garnishment Proceedings Serve Only to Subrogate Plaintiff to Rights of Debtor as Against Garnishee.—Garnishment proceedings serve only to subrogate plaintiff therein to rights of

his debtor as against garnishee, and plaintiff can enforce no right against garnishee that his debtor could not enforce.

3. Garnishment—Test of Garnishee's Liability Stated.—Right of creditor against garnishee cannot by garnishment rise higher than right of debtor against garnishee, and decisive test to determine whether one is liable as garnishee is whether principal debtor has right of action against garnishee.

4. Insurance—Proceeds of Life Insurance Policies in Hands of Insurer Not Subject to Garnishment for Debt of Husband of Insured.—Proceeds of life insurance policies in hands of insurer held not subject to garnishment for debt of husband of insured, where he was not entitled to, nor could he, have enforced collection of policies in an action in his name, since beneficiary in each of them was the estate of his deceased wife; fact that he was member of class to whom payment might be made at option of insurer not enlarging his rights, but only permitting payment to be made to him in a representative capacity.

LEO T. WOLFORD, BRUCE, BULLITT, GORDON & LAURENT and WM. MARSHALL BULLITT for appellant.

E. S. PENICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Earle Hightower, filed this action in the Todd circuit court against Franklin Taylor Garrett, who resided in Nashville, Tennessee, and who was proceeded against by constructive service. The petition alleged an indebtedness in favor of plaintiff against the individual nonresident defendant amounting to $775.55, and appellant, Metropolitan Life Insurance Company, was made a defendant and proceeded against as a garnishee, it being alleged in the petition that appellant was indebted to the individual defendant in the sum of $558.00, being the aggregate amount of two policies of $279.00 each, on the life of Myrtle M. Garrett, the deceased wife of the defendant, Franklin Taylor Garrett. The appellant was not only served with a summons, but was also served with an order of attachment so as to impound any indebtedness it might owe the individual defendant. Appellant answered and in the first paragraph it put in issue the existence of plaintiff's debt. In the second paragraph it averred that the policies issued on the life of Myrtle M. Garrett were what is known as "industrial insurance;" that they were made payable to "the executor or administrator of the insured," unless payment be made under the provisions of a clause con-

tained in each of them, and which is known as "facility of payment" clause, which reads: "The company may make any payment or grant any nonforfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial;" that although this action was instituted on July 26, 1923, no proof of loss was furnished it until August 22 thereafter, and that the husband of the insured, who is the individual defendant herein, produced receipts for burial and other funeral expenses and for expenses in the last sickness of the insured and it paid to him under the facility of payment clause the amounts of the two policies; that it did not do so in discharge of an individual debt to him, but only in payment of the debt it owed to the estate of the insured, and which payment it was authorized to make under the clause referred to. Another paragraph denied the jurisdiction of the Todd circuit court of the *res,* since both appellant and plaintiff's debtor in the action were nonresidents of Kentucky and the debt attempted to be attached had no situs in this state. The court sustained a demurrer to the last mentioned parapragh, but overruled it as to the first two paragraphs and then entered this order: "Then came the plaintiff, Earle Hightower, and moved the court to issue a rule against the said garnishee defendant requiring it to pay into this court the sum of five hundred and fifty-seven and 10/100 dollars ($557.10), the amount of its indebtedness to Franklin Taylor Garrett at the time of the service of process upon it herein, as shown in paragraph II and otherwise in its said answer, to which motion the said company objected, and the court, having heard the argument of attorneys for each side, and being sufficiently advised, overrules said objections, to which garnishee defendant excepted, and sustained said motion; and the said garnishee defendant, Metropolitan Life Insurance Company, is hereby ruled, ordered and directed to pay into this court forthwith the said sum and amount of five hundred and fifty-seven and 10/100 dollars ($557.10), in full and complete settlement of its liability herein; and when same shall have been so paid into this court such payment will operate as a full, final and complete settlement of its indebtedness to the said Franklin Taylor Garrett, or on account of its indebtedness by

reason of the said two policies as set out in its said answer to the said Franklin Taylor Garrett or to anyone.'' And from it appellant prosecutes this appeal.

It is first urged that because appellant is a foreign corporation and the debtor defendant was a nonresident of the state the service of the garnishment process on it created no lien on the proceeds of the policies, even if payment was due to be made to the surviving husband of the insured. It may be admitted that the courts are not in harmony in their holdings upon this specific question, but a majority of them, as well as the better reasoned ones, hold that jurisdiction of the *res* may be obtained by garnishment process under like conditions, and it was so held by this court under facts on all fours with those we have here in the case of Pittsburg C. C. and St. L. Ry. Co. v. Bartels, 108 Ky. 216, and which was referred to with approval in the case of Bowman v. Breyfogle, 145 Ky. 443. In the opinion in the Bartel case others from foreign jurisdictions are referred to, and the conclusion therein reached seems to be the most favored one, as will be seen from the text in 28 Corpus Juris 194, paragraph 242, and 12 R. C. L. 816, paragraph 50. The ground for the better reasoned opinions is that a foreign corporation doing business in a state could be sued therein to recover the debt garnisheed by the defendant in the attachment proceedings, and that, since he could enforce the collection of his debt within the jurisdiction (it being transitory), his creditor may likewise do so by appropriate proceedings to attach the debt. We, therefore, think there is no merit in this argument.

The next argument, that plaintiff obtained no lien by his attachment proceedings on the proceeds of the policies because they were not owed by appellant to the individual defendant, Franklin Taylor Garrett, is more meritorious. We upheld the ''facility of payment'' clause in such policies, as well as payment made thereunder, in the case of Metropolitan Life Insurance Co. v. Nelson, 170 Ky. 674, 186 S. W. R. 520, 1916F L. R. A. 457. The annotations to that case in the last publication beginning on page 461 show that the opinion in that case is in accord with those of the highest courts in other jurisdictions, and that the purpose of the contractual method of payment was to protect the insurer in making quick payments under such policies without the expense or loss of time of administration proceedings, since the primary purpose of such insurance was the creation of a fund for

the benefit of the insured in his last sickness and to furnish him a respectable burial. The cases also hold (and which is' in accord with fundamental legal principles) that none of the members of the class of persons to whom optional payments may be made under the facility of payment clause could themselves sue for and recover the proceeds of the policies, since there was no *obligation* on the part of the insurance company to pay either of them. In other words, that the clause created no debt in their favor, but only made them the agent or trustee for the beneficiary (the estate in this case), to whom under certain named conditions the insurer might make payment as such agent or trustee, and obtain a discharge of all obligations under the policy; they being under the contract only agreed agents to whom payment might be made at the option of the insurance company. Bradley v. Prudential Insurance Co., 187 Mass. 226; Prudential Insurance Co. v. Godfrey, 75 N. J. Eq. 484; Nolan v. Prudential Ins. Co., 123 N. Y. Supp. 688; Providence Co. Savings Bank v. Vadnais, 26 R. I. 122; Ferritti v. Prudential Ins. Co., 97 N. Y. Supp. 1007; Heubner v. Metropolitan Life Insurance Co., 146 Ill. App. 282; Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 85 Am. St. Rep, 463, and Marzulli v. Metropolitan Life Ins. Co., 79 N. J. L. 271, 75 Atl. 473. The fact that appellant in this case exercised its option and made payment to the husband of the insured did not have the effect to make him its creditor, either at that or any prior time, since it was but exercising its contractual right to pay its debt by paying it to a contractual agent of its creditor, and the attachment of plaintiff could in no way impair that right, or make the agent a creditor of the garnishee when in truth and in fact he was not so.

The law is that garnishment proceedings serve only to subrogate the plaintiff therein to the rights of his debtor as against the garnishee, and that the plaintiff can enforce no right against the garnishee that his debtor could not enforce, it being the rule that ''The right of the creditor against the garnishee can not, by garnishment, rise higher than the right of the debtor against the garnishee,'' and that the decisive test is ''to determine whether or not one is liable as garnishee is, whether the principal debtor has a right of action against the garnishee.'' 12 R. C. L. 779, paragraph 8; 28 Corpus Juris, pages 15, 17, 51 and 93. The text referred to holds that ''Privity between defendant and garnishee is essential to the liability,'' and if there is no privity such as to create

an obligation from the garnishee to the defendant in the attachment proceedings, the debt can not be subjected. The same principle is upheld by this court in the cases of Hays' Executor v. Mackin, 4 Ky. Opinions 43, and Payne's Executor v. Garth, 13 Ky. Opinions 302. To say that the plaintiff in the attachment proceedings may not reach or subject a debt due the defendant as against the garnishee, unless the latter is compelled to make the payment to defendant "is merely a broad application of the still broader doctrine that plaintiff acquires only such rights against garnishee as defendant has." 28 C. J. 93, paragraph 120.

In this case, as we have seen, the husband of the insured, who is the defendant against whom plaintiff seeks recovery, was not entitled to nor could have enforced the collection of the policies in an action in his name, since the beneficiary in each of them was the estate of his deceased wife, and that he individually was in no sense an obligee in either of them, and the fact that he was a member of the class to whom payment might be made at the option of the insurer did not enlarge his rights, but only permitted payment to be made to him in a representative capacity.

The court, therefore, erred in ordering and directing defendant to pay the proceeds of the policies into court, and the judgment is reversed, with directions to set it aside, and for further proceedings not inconsistent with this opinion.