## Henry Clay Fire Insurance Company v. Denker's Executrix.

(Decided February 1, 1927.)

### Appeal from McCracken Circuit Court.

1 Assignment—Partial Assignment of Nonnegotiable Choses in Action, Without Debtor's Assent, Does Not Give Assignee Right of Action Against Debtor.—Partial assignment of nonnegotiable choses in action, to which debtor does not assent, does not give assignee right of action against debtor, nor amount to assignment pro tanto of debt.

2. Assignments—Creditor Cannot, by Assignment of Part of Claim, Require Debtor to Pay it to Different Persons.—Creditor cannot, by assignment of part of his claim against debtor, require latter to split amount and pay it to different persons, since a debtor has the right to pay his debt by a single transaction.

3. Insurance—Assignment of Part of Insurance Money, Without Acceptance by Insurer, Held Not to Give Assignee Cause of Action Against Insurer.—Assignment of part of insurance money by purchaser to vendor of property, without acceptance by insurer, held not to give vendor right of action against insurer, where latter paid full amount of loss to vendor's assignor.

BRADSHAW & McDONALD for appellant.

J. D. MOCQUOT, F. E. GRAVES and C. H. DENKER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Denker sold and conveyed to English a house and grounds in the year 1922, for the consideration of

$2,800.00, of which sum $1,000.00 was paid in cash and the balance represented by notes due in one, two and three years, secured by lien upon the property. Afterwards English obtained from appellant, insurance company, a policy of fire insurance for $1,800.00 upon the house so conveyed to him. While the policy was in full force the house was destroyed by fire, the insurance company acknowledging its liability. At this time there was yet due $1,800.00 with interest, to Denker, and this was secured by lien upon the property. In recognition of this indebtedness Denker and English entered into a written contract, made a part of this record, by which it was agreed, in consideration of the lien indebtedness, that English was to assign and Denker was to have $708.00 of the insurance money to cover the defendant's indebtedness due, with interest. This agreement was signed by both Denker and English and delivered to the local agent of the insurance company with a request that he send it to the head office of appellant company, at Lexington, which he did. While the insurance company acknowledges receipt of the agreement it failed to indicate its acceptance of the order or assignment of the part of the claim of English to Denker and did not, in fact, accept the assignment, or indicate it would pay any part of the money to Denker. After due proof of loss by fire was in, the company sent the full amount of the policy to English, in whose name the policy was issued, and English converted the whole sum to his use and benefit, disregarding his agreement with Denker, and later he left the state and is alleged to be insolvent now. These facts were all stipulated by the parties and made a part of this record. This action was commenced by Denker against the insurance company to recover $708.00, with interest, alleged to be due him by the company pursuant to the written agreement made between Denker and English, which was forwarded to the insurance company. Upon hearing the lower court adjudged Denker entitled to this relief. The insurance company complained of this judgment and is prosecuting this appeal.

For appellee, Denker, it is contended that the contract made between him and English and sent to the company amounted to an assignment of $708.00 of the insurance money and that being so Denker had a right to institute and maintain an action against the insurance company for its recovery; but this is disputed by the in-

surance company, which says that the alleged assignment, even if held to be sufficient in form, is invalid because it was at best only a partial assignment.

A partial assignment of a chose in action, not negotiable and to which the debtor does not assent, does not give the assignee a right of action against the debtor nor amount to an assignment *pro tanto* of the debt. This is a rule recognized by courts generally everywhere in America. A creditor can not by assignment of part of his claim against his debtor require his debtor to split up the amount and pay it to different persons, for the debtor has the right to pay his debt by a single transaction and to be relieved of all responsibility by the payment to the original debtor. The rule is stated in 5 C. J. 894, as follows:

"Partial assignments of such choses in action as are assignable can be so made as to entitle the assignee to the right of a co-owner against the assignor. But at law, where a part of a claim is assigned, without the debtor's assent, the debtor, although he has notice of the assignment, may disregard it and discharge his indebtedness by a payment to the original creditor. In the absence of any statutory provision to the contrary, a debt can not be split up by the creditor, even by formal assignment, so as to subject the debtor to separate actions without his consent, because a debtor has the right to pay his indebtedness as an entirety according to his contract, and therefore, at law, a partial assignment of a chose in action is not recognized unless made with the consent or ratification of the debtor. Courts of equity, however, have always recognized partial assignments of choses in action for many purposes and will protect the assignees under such partial assignments whenever they can do so without working a hardship upon the debtor."

The same text at page 925 reads:

"By the great weight of authority an order drawn on a debtor for a part of a fund in his hands, and unaccepted by him, will not operate as an equitable assignment of part of the fund, as against the drawee, even though drawn on a particular fund specified."

This text is supported by a great number of cases decided by various courts of this country. Our court, considering the same question in Weinstock v. Bellwood, 75 Ky. 139, said:

"It is a well settled rule of law that a claim entire and indivisible can not be so severed as to give to the payee or his assignee the right to maintain two distinct actions upon it, . . . but an assignment of part of the debt did not vest the assignee with any greater right than the assignor himself had. The assignor or original payee could not have instituted his action to have recovered part of the demand or have enforced partial payment by the debtor, and to rule otherwise would make the causes of action for the recovery of an entire debt as numerous as the unaccepted orders given by the payee. There is no doubt but what the debtor may consent to this partial appropriation of his indebtedness by his creditor in his acceptance of the order, and such an acceptance will authorize the holder to maintain an action on it; but without this acceptance there is no privity of contract between the parties, and no right of action exists. . . . The demurrer to the petition as amended should have been sustained.

To the same effect is the case of Kentucky Lumber and Mill Works v. Montz, 158 Ky. 328,

As there was no controversy about the facts it is easy to see that the attempted assignment of a part of the obligation of the insurance company was a nullity, and the fact that the written contract signed by the parties was delivered by them to the local agent of the insurance company and by him forwarded to the insurance company does not change the legal status of the parties. The local agent had no authority nor did he attempt to make an acceptance for his company, and the company did not act upon the matter at all, so far as the record shows, but merely ignored the attempted assignment, as it had a right to do. If one approached his debtor and ask him to accept a partial assignment of an indebtedness to another and the debtor makes no response and does not, in fact, accept, the partial assignment is of no effect as against the debtor, and no cause of action arises in favor of the proposed assignee against the debtor. This is the situation we have before us by this appeal, and we are

clearly of opinion that the trial court was in error in holding that the insurance company, which had paid the full amount of the policy of insurance to the person to whom the policy was issued and payable without accepting the partial assignment to Denker, was obliged to again pay $708.00 to Denker merely because Denker and his debtor had agreed that Denker should have that sum out of the proceeds of the fire policy. A repayment of that sum would be a hardship which equity could not approve and the law will not allow.

Judgment reversed, with directions to dismiss the petition.