## Bellamy v. Rogers.

(Decided April 29, 1927.)

### Appeal from Ohio Circuit Court.

1. Garnishment.—Legal effect of order of garnishment is to subrogate plaintiff to rights of defendant as against garnishee, and plaintiff can enforce only such rights as defendant might have enforced.

2. Garnishment.—Treasurer of garnishee corporation held not personally liable to plaintiff for turning over sum equal to amount due defendant to corporation knowing it was insolvent, whereby funds were sent out of state.

A. D. KIRK, CLARENCE BARTLETT and T. F. BIRKHEAD for appellant.

WOODWARD, WARFIELD & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On November 9, 1922, the appellant, A. F. Bellamy, filed suit in the Ohio circuit court against A. H. Kelly, seeking to settle a partnership between the appellant and Kelly, and the Service Fuel Company was made a defendant and summoned as a garnishee. The Service Fuel Company answered, in substance, that it was indebted to its codefendant A. H. Kelly in the sum of $1,000, which it held subject to the orders of the court. This answer was subscribed and sworn to on January 12, 1923, by the appellee J. L. Rogers, who was the secretary and treasurer of the Service Fuel Company, and the answer was filed on March 6, 1923.

On July 7, 1923, an order was entered directing the Service Fuel Company to pay the master commissioner of the court the sum of $1,000, which it admitted it owed to its codefendant Kelly. On September 27, 1923, appellant, Bellamy, moved for a rule against the defendant,

Service Fuel Company, to show cause why it had not paid into court the sum of $1,000 reported by it, and on December 5, 1923, he took a judgment against the Service Fuel Company for the sum of $1,000.

On May 5, 1924, appellant, Bellamy, filed an amended petition in which appellee J. L. Rogers was made a defendant, and in which it was alleged that the Service Fuel Company was a corporation organized and existing under the laws of the state of Illinois, but having a place of business in the state of Kentucky, and that J. L. Rogers, who was its secretary and treasurer and the custodian of its funds, had, without any order from the court, turned over all money in his hands, as such officer, to the Service Fuel Company, and that at the time he did so he knew that the funds in his hands as such officer had been attached, and that he knew at the time he did so that the Service Fuel Company was insolvent. It was further alleged that, by sending the funds out of the state, the appellee Rogers thereby put it out of the power of the court or of the plaintiff to obtain or secure the fund that had been attached, and he thereby became personally liable for the sum of $1,000. A demurrer to the amended petition was sustained, and, the plaintiff declining to plead further, a judgment was entered dismissing the amended petition, and from that judgment he has appealed.

Appellant contends that the appellee, Rogers, the officer of the corporation who reported on behalf of the corporation an indebtedness as garnishee, is personally liable because he failed to retain in his hands a sum equal to the amount reported. The money reported by the Service Fuel Company as owing by it to Kelly was in its possession and not in the possession of appellee Rogers. The fuel company reported that it was indebted to its codefendant, Kelly, in the sum of $1,000, but it did not hold any specific money that belonged to Kelly, nor was any specific fund attached, but only a chose in action. The only legal effect of the order of garnishment was to subrogate the plaintiff, Bellamy, to the rights of the defendant Kelly against the Service Fuel Company. The creditor by garnishment is placed in no better position in relation to the garnishee than the debtor, and he can enforce only such rights as the debtor might enforce. Metropolitan Life Insurance Co. v. Hightower, 211 Ky. 36, 276 S. W. 1063, 44 A. L. R. 1158.

The amended petition sets out no facts that would render Rogers personally liable to the debtor, Kelly, for any acts done by him had there been no garnishment proceedings. The appellant being in no better position than the debtor, Kelly, would have been had the Service Fuel Company not been garnished, he cannot hold the appellee Rogers personally liable. The appellee Rogers was not made a party defendant to the original action, and the answer sworn to by him was the answer of the company. For aught that appears, the appellee Rogers may have turned over the money under his control, as treasurer, at the order and direction of the Service Fuel Company, as it was his duty to do as an officer of the corporation. There is nothing in the amended petition tending to show any act on the part of the appellee that would impose a personal liability on him, and the lower court properly sustained a demurrer thereto. A reference to the recently decided case of the E. M. T. Coal Co. v. Rogers, 216 Ky. 440, 288 S. W. 342, will be enlightening to those interested in the history of the Service Fuel Company.

Judgment affirmed.