## Patterson v. Miracle et al.

(Decided March 13, 1934.)

H. H. OWENS for appellant.
ROBSION & SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

G. W. Miracle, the Queen Insurance Company, and the New York Underwriters Insurance Company engaged in litigation involving the liability of the latter on certain insurance policies. Miracle in the end won. The insurance companies thereupon made application to the court for an order of disbursement of the proceeds of the policies, setting out certain claims of creditors of Miracle, asserted against them, because of their liability to him on the insurance policies. One was the debt of the Rathfon-Scent Company, evidenced by two orders on the Queen Insurance Company, amounting to $483.94. The Rathfon-Scent Company filed its petition to be made, and was made, a party to the procedure, wherein it alleged Miracle's indebtedness to it of $483.94 was for lumber used by him in the construction of the building destroyed by fire and covered by the insurance policy of the Queen Insurance Company; it had a materialman's lien on the property at the time it was destroyed, and Miracle had executed and delivered to it on the 27th day of March, 1926, orders addressed to it which it had accepted in writing, signed by its agent, and by reason of the orders and its acceptance the Queen Insurance Company was indebted to it the sum of $483.94 with interest at 6 per cent. per annum from May 27, 1926. It prayed judgment accordingly.

On the 22d day of June, 1933, J. S. Patterson filed in the office of the circuit clerk a pleading denominated "amended petition," in which it was recited he had obtained a judgment against Miracle and an attachment had been sustained, but through inadvertence it had been returned executed on the New York Underwriters Insurance Company, when in fact it had been executed on the agent of the Queen Insurance Company. This amended pleading "adopts the allegations set out in his petition." The record presented is a partial one. We do not find the original petition alluded to in Patterson's amendment. However, the judgment in favor of Patterson against Miracle, for $800,07 with interest from December 1, 1926, until paid, and costs, is embraced by the record, and it recites "the attachment set out herein on April 6th, 1926, is sustained." The judgment from which this appeal was taken decreed that the orders of Miracle addressed to, and accepted by the agent of, the Queen Insurance Company for the amount of Rathfon-

Scent Company's debt were valid, and directed their payment. It further directed that after their payment Patterson's debt, secured by an attachment lien, be paid out of the remainder of the proceeds of the policy of the Queen Insurance Company, to which Patterson objected.

The trial court entered of record his finding of facts and decisions of law. It appears from it, oral evidence was heard in open court concerning the agency of H. M. Oldfield of the Queen Insurance Company at the date of his indorsement of its acceptance of the Miracle orders, binding it to pay same to the Rathfon-Scent Company out of the proceeds of its policy to Miracle.

No finding of facts and decisions of law, nor motion and grounds for a new trial, are necessary or required in an equity action (Commonwealth v. Railroad Companies, etc., 95 Ky. 60, 23 S. W. 868, 15 Ky. Law Rep. 449; Keaton, etc., v. Sublett, etc., 109 Ky. 106, 58 S. W. 528, 22 Ky. Law Rep. 631; Board of Drainage Com'rs. of Ballard County et al. v. Ill. Cen. R. R. Co. et al., 202 Ky. 735, 261 S. W. 236; Allen v. Salyers, 225 Ky. 30, 7 S. W. [2d] 509); but where the law and facts are submitted to the court in an action at law, without the intervention of a jury, on the request of either party, it is the duty of the court to state in writing its conclusion of facts, generally for the plaintiff or the defendant, separately from the conclusions of law (Boone, Foreman & Lackey v. Wahl, 226 Ky. 773, 11 S. W. [2d] 915). This duty of the losing party to make the request as well of the court to comply therewith is mandatory, except only where neither the law nor the facts, nor both combined, authorize the judgment rendered. Commonwealth v. King, 86 Ky. 436, 6 S. W. 124, 9 Ky. Law Rep. 653. Where the questions of law and facts are submitted, and the court, pursuant to the request of one of the parties, states in writing its conclusions of law and facts separately, as provided by section 332 of the Civil Code of Practice, there must be an exception reserved to its finding of fact to enable this court to pass upon same. A motion for a new trial, in the absence of such an exception, will not save the party's rights in this court. American Mutual Aid Soc. v. Bronger, 91 Ky. 406, 15 S. W. 1118, 12 Ky. Law Rep. 971. However, no separate finding of law and facts is necessary to an appeal. And where only conclusions of law are complained of, an appeal may be prosecuted without bring-

ing the evidence, the only question then is whether the court entered the proper judgment on the pleadings. Board of Drainage Com'rs of Ballard County et al. v. Ill. Cen. R. R. Co., supra; Allen v. Salyers, supra.

Patterson saved an exception to the court's finding of facts and decisions of law, but is here without the evidence heard on the trial. He filed no motion and grounds for a new trial. His failure to do so does not preclude his right to have this court review the finding of the circuit court if the pleadings do not authorize or support the judgment. Allen v. Salyers, supra; Wilson v. Trent, 238 Ky. 551, 38 S. W. (2d) 429; Arms v. Arms, 246 Ky. 827, 56 S. W. (2d) 536. The finding of the facts and the decisions of the court on the questions of law do not supply the purpose of a bill of evidence. The evidence heard in the circuit court can be brought here only as provided by sections 335 and 337, Civil Code of Practice. Unless the evidence heard in the circuit court is brought here, every fact necessary to support the judgment must be assumed to have been found in favor of the party for whom judgment was rendered. Every fact as to which the evidence was heard must be assumed by this court to have been against the losing party. Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S. W. (2d) 1014.

It is argued by Patterson that a local fire insurance agent may not accept one claim for payment and arbitrarily refuse to accept others of equal merit, even though he had power to bind the company, as such arbitrary action is against public policy. In support of this statement are cited Henry Clay Fire Ins. Co. v. Denker's Ex'x, 218 Ky. 68, 290 S. W. 1047; City of Earlington et al. v. Powell, 226 Ky. 353, 10 S. W. (2d) 1060; and Central West Cas. Co. v. Stewart, 248 Ky. 137, 58 S. W. (2d) 366. In Henry Clay Fire Ins. Co. v. Denker's Ex'x, it was stated,

"A partial assignment of non-negotiable chose in action, to which the debtor did not assent, gave no right of action; nor constituted an assignment pro tanto of the debt."

City of Earlington et al. v. Powell does not treat of any topic akin to that now under consideration; nor does the Central West Cas. Co. v. Stewart. The latter considered the question of an agent acting in his private interest without express authority, as it affected his principal.

The act of Oldfield in accepting in writing for the Queen Insurance Company of the orders of Miracle to the Rathfon-Scent Company for the $483.94 is challenged by Patterson on the ground it was without authority of the insurance company and against public policy. We observe no virtue in the argument touching the subject of public policy. The question of his authority so to do was one of fact, determinable by the evidence, without which we are not prepared to say as a matter of law he was without authority to accept the orders and thereby bind the Queen Insurance Company. The orders of Miracle to the Rathfon-Scent Company are dated in 1926. It is recited in the court's judgment that Patterson's attachment was issued April 6, 1932, thus showing the giving and the acceptance of the orders were prior to date of the issuance of the attachment by more than six years. For all we know, the evidence heard by the trial court established that the insurance company specially directed Oldfield to accept the orders and that Patterson at the time he caused the attachment to be issued had actual knowledge thereof.

We are not prepared without evidence to decide Oldfield was not clothed with proper and sufficient authority to accept the orders, and thus create an equitable assignment of the amount of them.

To constitute an equitable assignment of a debt or other chose in action, no particular form is necessary. Any order, writing, or act, which makes an appropriation of the fund, amounts to an equitable assignment. Newby v. Hill, 2 Metc. 530; Frankfort Bank v. Hunter, 3 A. K. Marsh. 292; Gray v. Briscoe, 6 Bush, 687. The orders of Miracle to the Rathfon-Scent Company, on their acceptance by the Queen Insurance Company, served to appropriate the amount of them to the debt of the Rathfon-Scent Company. Thereafter an action was not maintainable by Miracle against the Queen Insurance Company to compel it to pay him the amount of them. Patterson, when seeking to subject the debt due Miracle by the Queen Insurance Company, had no greater right than that which Miracle himself could have asserted and enforced. Kauffman & Co. v. Loventhal, 8 Ky. Law Rep. 62.

His garnishment proceeding served only to subrogate his right to that of Miracle against the insurance company. Metropolitan Life Ins. Co. v. Hightower, 211

Ky. 36, 276 S. W. 1063, 44 A. L. R. 1158; Bellamy v. Rogers, 219 Ky. 590, 293 S. W. 1069; Minter Homes Corp. v. Harris, 243 Ky. 210, 47 S. W. (2d) 1013. In the last-cited case it was held, in the absence of fraud, the garnishee was not personally liable for the fund paid out on the debtor's assignment before commencement of the attachment proceeding, but before filing of supplemental ground upon which the attachment was finally sustained.

Without the presence of the evidence, we must assume the circuit court was justified in decreeing the assignment of the $483.94 to the Rathfon-Scent Company was a superior equity to the attachment lien of Patterson, and entering a judgment accordingly.

Perceiving no error, the judgment is affirmed.