## Powers v. Louisville Trust Co.

March 12, 1940.

Churchill Humphrey, Judge.

R. Ruthenburg for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The judgment appealed from is ambiguous. It is as follows:

"On motion of the plaintiff, by counsel, and in writing filed, and the plaintiff having declined to plead further, it is ordered by the court that the plaintiff's petition be dismissed and the plaintiff is hereby granted an appeal to the Court of Appeals which is hereby granted."

It would seem that the petition was dismissed on plaintiff's motion, in which event, of course, she has no right of appeal. The judgment, however, may be construed also as having been rendered on the pleadings, but the record and briefs show it was on the evidence. The plaintiff filed a schedule for a limited part of the record to be made up for appeal, and the defendant filed another extending the record to include all the plead ings. Section 737, Civil Code of Practice. The evidence is not in the record.

By several amended and substituted petitions and by issues made by reply to affirmative pleadings of the defendant, the plaintiff, now appellant, Mrs. Effie L. Powers, sought to recover of the Louisville Trust Company damages for the negligent and fraudulent investment of her trust funds in stock of Banco Kentucky, a corporation formed by the directors of the Louisville Trust Company and the National Bank of Kentucky as a holding company for their stock, and that of other

financial institutions. See Deering v. Stites, 257 Ky. 403, 78 S. W. (2d) 46. It appears that the Trust Company, as administrator of the estate of plaintiff's husband, held a fund for ten years, its disposition depending upon whether the plaintiff remarried during that period. After the expiration of that time, on April 30, 1929, the plaintiff became entitled to it, and the Trust Company continued, apparently by a tacit understanding, as agent for Mrs. Powers. The petition alleges that without authority and in violation of its trust, the defendant, as trustee or agent, had wrongfully exchanged good and sound investments which it held for plaintiff's account for Banco Kentucky stock at $25 a share, whereas the defendant knew the stock was not worth over $8.30 a share. Plaintiff also pleaded that the investment of her trust funds in that stock violated the terms of Section 4706, Kentucky Statutes. She sought a rescission and judgment for $4,935, being the value of the stock so wrongfully exchanged. That is the substance and effect of plaintiff's cause, elaborately pleaded.

Among other defenses, the defendant pleaded two documents as having been signed by Mrs. Powers which expressly authorized the subscription and investment in Banco Kentucky stock. She denied executing those papers, but pleaded alternatively that if she did sign them it was only because of fraud and concealment of material facts on the part of defendant. The case was transferred to the equity docket and tried by the chancellor. The briefs disclose that evidence was taken on the issues, and, as we have stated, that evidence is not in the record.

The burden of proving her case rested upon plaintiff. The trial court found against her. It is a necessary rule of appellate practice, observed from the beginning, that this court will conclusively presume that absent evidence supports the finding of fact by the chancellor. Reading v. Ford's Heirs, 4 Ky. 338, 1 Bibb. 338; Lewis v. Kash, 239 Ky. 117, 38 S. W. (2d) 978; Patterson v. Miracle, 253 Ky. 347, 69 S. W. (2d) 708. We cannot do otherwise than follow that rule.

**The judgment is affirmed.**