## Roberts v. Powers.

December 6, 1946.

Duncan & Duncan for appellant.

E. Bertram for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On October 3, 1917, M. T. Eads and wife conveyed to Alfred Cooper, J. C. Hurt, Polly Hurt and Lizzie Hurt a tract of land in Wayne County, Kentucky, containing 325 acres. In the deed the proportionate undivided part conveyed to each vendee was ½ to Alfred Cooper, ¼ to J. C. Hurt and ⅛ each to Polly and Lizzie Hurt. The farm seems to have been operated by Alfred Cooper who married Martha Hurt, a sister of the three Hurt vendees in the deed. None of the Hurts appear to have been married at that time, except Martha, and

it was stipulated that her two sisters, Lizzie and Polly Hurt, should occupy the dwelling on the farm with Alfred Cooper and his family as long as they lived. Neither of them married and, of course, had no descendants.

On June 12, 1920, Lizzie and Polly conveyed their respective undivided ⅛ interests in the entire farm to Alfred Cooper. The deed executed by them recited that the parties thereto resided together on the farm and that "in order that the parties hereto may maintain and keep said farm together and in order that they may avoid a sale or division thereof * * *" and for the further consideration of the vendee, Alfred Cooper, promising to pay each of them the sum of $3,000, but not to become due and collectible until their respective deaths, and not to draw interest until then.

Lizzie Hurt died unmarried and intestate in 1933 at which time the $3,000 obligation she held against Alfred Cooper became due and payable, but it does not appear to have been collected by her administrator until after the death of her sister, Polly, on August 25, 1942, when this controversy arose between Martha Cooper and her heirs after her death which occurred on December 6, 1942, and the collateral heirs of her sister, Polly. After Polly's death and after the death of her sister, Martha Cooper, the appellee, D. L. Powers, was appointed and qualified as the administrator of the sister, Lizzie; and the appellant, Harry Roberts, was appointed administrator of the estate of Martha Cooper.

Before Polly's death after that of her sister, Lizzie, and on January 11, 1941, she by deed conveyed to her sister, Martha, "all of her right, title and interest in and to the following described property" etc. There then follows a long description of the entire 325 acres, the deed reciting that Polly's title was derived from the deed supra executed by M. T. Eads and wife on October 3, 1917. Her deed to Martha Cooper also recites "First party further conveys hereby an undivided interest which she inherited from her sister, Lizzie Hurt, who died intestate possessed of a ⅛ undivided interest and any and all other interest which she may have *in the said land.*" (Our emphasis).

This action was filed in the Wayne circuit court on January 21, 1946, by the administrator of Martha Coop-

er, Harry Roberts, against the administrator of Polly Hurt, D. L. Powers. Plaintiff alleged that his decedent was entitled to the $3,000 consideration for her ⅛ interest in the farm she conveyed to her brother-in-law, Alfred Cooper, in 1920, and which the parties then occupied, and the further sum of $1,092.90 representing the interest which Polly Hurt inherited from her sister, Lizzie, who, as we have seen, died in 1933, and which amount was also a lien on the same tract of land. It appears that the entire estate of Polly at her death consisted of only the two choses in action acquired by her in the manner herein stated, the entire amount of which was claimed by the heirs of plaintiff's decedent under the deed which Polly executed to her sister, Martha Cooper, hereinbefore referred to.

The court heard testimony relating to the blood relationship of the parties, the filing of exhibits evidencing the transactions referred to; also proving beyond controversy that Lizzie Hurt before her death was a confirmed invalid for at least nine years prior to her death and that she was nursed, many times fed, and otherwise cared for by her sister, Martha, and which the proof shows was more than worth the entire amount which her administrator seeks to recover. The action is based on the ground that plaintiff's decedent became the assignee thereof by and through the 1920 deed of her sister, Polly. Nowhere in the petition, or other pleading, does the plaintiff as administrator of his decedent seek to recover a judgment against the estate of Polly Hurt for services rendered the latter by plaintiff's decedent. After evidence taken by plaintiff, to the extent indicated, the cause was submitted to the court, and it adjudged that plaintiff "is not entitled to the relief sought in the petition" and dismissed it, from which plaintiff prosecutes this appeal.

The court filed no opinion containing the grounds of his dismissal of the petition, but from briefs in the case it is shown that the court held that the deed executed by Polly Hurt on January 11, 1941, to her sister, Martha, did not constitute an assignment by her to her sister of the choses in action herein sought to be recovered by plaintiff, and in which conclusion we feel ourselves compelled to coincide. Learned counsel for appellant cites many authorities among which are cases

decided by this court to the effect that no particular form of instrument, or words employed, is necessary to constitute an assignment of a chose in action. The text authority so cited is 4 Am. Jur. 288, and the domestic cases of Commonwealth, for Use and Benefit of State Highway Commission v. Wilhoit, 274 Ky. 831, 120 S. W. 2d 670; Napier v. Duff, 281 Ky. 779, 136 S. W. 2d 1083, and Patterson v. Miracle, 253 Ky. 347, 69 S. W. 2d 708. We have carefully read the authorities so cited by appellant's counsel, together with others not cited and find that the only effect to be given to them is that there is no prescribed or approved form or wording of the particular assignment, that must be followed by the assignor in making the transfer to the assignee. On the contrary all of them hold that a valid assignment is made when the context of the assigning instrument shows the intention of the owner of a chose in action to transfer it to the transferee. But notwithstanding such liberality it is also the rule of universal application that the intention of the parties to a transaction, whether evidenced by writing or resting in parol, must be gathered from what they said "and not by what they may have intended to say but did not." Nowhere in the deed of Polly Hurt to her sister, Martha, were the two choses in action here involved mentioned, directly or indirectly. The conveyance purported to transfer only the title of Polly in the land described in the deed to her sister, Martha; but which property had already been conveyed by Polly and her sister, Lizzie, back in 1920 to Alfred Cooper. The only interest that Polly had at the time of the alleged assignment herein sought to be enforced was a lien on her interest in the land as title holder to secure an indebtedness (not even represented by a note so far as this record shows) as consideration for her conveyance to her brother-in-law, Alfred Cooper, and a lien to secure her pro tanto part of a lien in favor of her deceased sister, Lizzie. So that at most her conveyance to her sister was an attempt to convey only the lien upon the land in her favor.

In 4 Am. Jur. 246, sec. 21, under the heading of "Assignment of a Lien" the text says: "A lien, in itself, is neither property nor a debt but a right to have satisfaction out of property, to secure the payment of the debt, and therefore is not subject to assignment or

sale without the debt." Authorities sustaining the text are cited in note (8) thereto. See also the text of the same volume, pages 287, 288, secs. 75 and 76. It is therefore our conclusion that plaintiff is not entitled to recover the fund sued for upon the ground that his decedent was the owner thereof. However, plaintiff's failure to sustain the ground upon which he based his action in this proceeding will not bar his right to recover a judgment against defendant as the administrator of Polly Hurt for services rendered by his decedent to the decedent of the latter, if sufficient proof should be adduced to authorize such recovery.

Wherefore, for the reasons stated the judgment is affirmed.