## Sublett, et al. v. Gardner, Administrator, et al.

(Decided April 29, 1815.)

### Appeal from Magoffin Circuit Court.

Appeal and Error—Records—Partial Transcript.—While an appellant is not required to bring up the entire record, the rule is well settled that one who prosecutes an appeal upon a partial transcript, does so at his peril; and, if it appears that part of the testimony used upon the trial is not copied into the transcript, it will be presumed, in support of the judgment, that it would sustain the averments of the appellee's pleading.

D. D. SUBLETT and D. GLENN SUBLETT for appellants.

McGUIRE & McGUIRE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

Joseph H. Gardner died in 1877, domiciled in Magoffin County, leaving a widow, Nancy J. Gardner, and three sons, George B., John H., and E. B. Gardner. At the time of his death he owned nine tracts of land, and among other debts, he owed the appellant, D. D. Sublett, $301.13, and W. W. Deskins $322.40.

George B. Gardner qualified as the administrator of his father; and in 1888 he instituted an action in the Magoffin Circuit Court for a settlement of his father's estate.

At the time of his death, Joseph H. Gardner was the committee of B. F. Gardner, and his liability as committee was fixed in the settlement suit at $8,332.83. Under the statute this claim was preferred over other claims. Ky. Sts., sec. 3868.

Joseph H. Gardner's entire personal estate amounted to $4,926.90; and after the personalty had been applied, in part, to the payment of the costs of administering the estate, the balance was applied in payment of B. F. Gardner's preferred claim. The several tracts of land were also sold for that purpose; and, it is alleged in the answer in this action, and is not denied by the reply, that after the net proceeds of the sales of all of said tracts of land had been so applied, there yet remained a balance due upon B. F. Gardner's preferred claim.

The claims of Sublett and Deskins were filed in the settlement suit and allowed, but nothing was paid upon them for the reason above stated. And, although the settlement suit seems to have run its course as early as 1889, no final order was then made therein discharging George B. Gardner from his trust as administrator, or dismissing the case. The suit remained upon the docket until April, 1906, when the fact that it had not been finally disposed of was brought to the attention of the circuit judge, who then entered an order dismissing the action.

In the meantime Deskins had died, and D. D. Sublett had been appointed his administrator.

In September, 1907, D. D. Sublett individually, and as administrator of W. W. Deskins, instituted this action in equity against George B. Gardner individually, and as administrator of his father, and John H. Gardner and Nancy J. Gardner, the widow, alleging that George B. Gardner had never been discharged as administrator; that the settlement suit had been dismissed in April,

1906, through the fraud of George B. Gardner and John H. Gardner; that E. B. Gardner, as the heir of his father, had received 25 acres of land, worth $600.00; and that George B. Gardner, John H. Gardner and Nancy, the widow, had received another tract of 12 acres, worth $700.00, without any payment having been made therefor, in either case, and asking that said two tracts of land be subjected to the payment of the Sublett debt of $301.13, and the Deskins debt of $322.40, with the accumulated interest thereon.

The answers traversed all the material allegations of the petition, and affirmatively alleged that in the settlement suit of 1888, the 25-acre tract had been sold to E. B. Gardner for $115.00, which he paid; that the sale was confirmed, but that through mistake the commissioner failed to make a deed to E. B. Gardner for said tract; that subsequently E. B. Gardner sold the 25-acre tract to his brother, John H. Gardner, for $200.00, which he paid; that John H. Gardner subsequently sold the 25-acre tract to David Stephens, the present owner, and that said several owners had been in the open, adverse, and hostile possession of said 25 acres since 1889, a period of more than 15 years; and they relied upon the statute of limitations in bar of plaintiff's right to recover.

The answer further alleged that the 12-acre tract known as the "Thomas Prater Farm," had been assigned to Nancy, the widow, as her dower; that for the purpose of paying the debts of Joseph H. Gardner, the remainder interest in said tract, as well as the mineral rights therein, had been sold in 1889 in the settlement suit, and that Nancy became the purchaser, thereby vesting in her the fee simple estate, which she had held since 1889, a period of more than 15 years; and she relied upon the statute of limitations in bar of any recovery against her.

The answers further alleged that the money derived from the personalty and the sale of the several tracts of land had been paid to the plaintiff, D. D. Sublett, as committee for B. F. Gardner, and that there was still a balance due him.

The record in the settlement suit was made a part of the answers; it has not, however, been copied into the record upon the appeal.

The reply to the answer of George B. Gardner and

Nancy J. Gardner admitted that the claim of B. F. Gardner's committee for $8,332.83 was a preferred claim, but it denied that said judgment was in full force and effect. It further denied that the *whole* of said estate of Joseph H. Gardner was paid to D. D. Sublett as the committee of B. F. Gardner, or in any way; and it denied that the *whole* of said personal property and the proceeds of the sale of the real estate did not pay the judgment recovered by Sublett as committee of B. F. Gardner.

The subsequent portion of this reply which attempted to go at length into many extraneous acts of George B. Gardner, as administrator, was stricken out.

The reply to the joint answer of John H. Gardner and Nancy J. Gardner admitted that E. B. Gardner became the purchaser of the 25-acre tract in 1889, but it denied that he ever paid the purchase money therefor, or that no deed was made to him by reason of the mistake or oversight alleged in the answer; and it alleged that George B. Gardner, as administrator, had never accounted for the purchase money due by E. B. Gardner, who had died in the meantime. This reply denied the validity of the conveyance from E. B. Gardner to John H. Gardner, as well as the conveyance from John H. Gardner to Stephens, but alleged that both of them were nullities; and it further traversed Stephens' ownership, and his claim of adverse possession.

This reply denied the right of Nancy J. Gardner and George B. and John H. Gardner to hold the "Prater Farm," and alleged that it was no part of the dower tract assigned by Nancy J. Gardner, the widow; denied that the coal interest in said land was sold, or that anything was ever paid for that right; and it traversed the defendants' claim of adverse possession to this second tract, and alleged that George B. Gardner held and controlled both tracts as trustee for the benefit of the creditors of Joseph H. Gardner.

By an amended answer, the defendants alleged that more than 15 years had elapsed since the confirmation of the commissioner's report in the settlement suit, which constituted the judgment upon the claims of the plaintiffs; that no execution had ever issued on said judgments; that more than 15 years had elapsed since the notes upon which said claim were based had been

executed by Joseph H. Gardner; and that said notes and judgment were both barred by the statute of limitations, which was relied upon as a defense.

The petition having joined the action brought by Sublett to collect his own claim of $301.13, and the action by Sublett, as the administrator of Deskins, to recover Deskins' debt of $322.40, the court sustained a motion at the February term, 1908, requiring the plaintiff to elect which claim he would prosecute; and, in obedience to that ruling, the plaintiff elected to prosecute Deskins' case and Sublett's case was dismissed, without prejudice. An amended petition was filed in January, 1910, but it is not copied into this record.

Again, at the August term, 1910, an amended petition having been filed restating the original cause of action, the court again sustained a motion to require the plaintiff to elect which case he would prosecute; whereupon the plaintiff elected to prosecute the Sublett case, and the Deskins case was stricken from the docket.

No proof was taken, and when the case was tried upon the pleadings in May, 1914, the court dismissed both actions and awarded the defendants their costs against Sublett individually, and against him as administrator of Deskins; whereupon the plaintiff excepted and prayed an appeal to this court.

While the appellant is not required to bring up the entire record, the rule is well settled that one who prosecutes an appeal upon a partial transcript does so at his peril; and, if it appears that part of the testimony used upon the trial is not copied into the transcript, it will be presumed, in support of the judgment, that it would sustain the averments of the appellee's pleading. McKee v. Stein, 91 Ky., 240; Sanson v. Connolly, 141 Ky., 120.

The only evidence heard upon the trial below was the record of the suit which settled the estate of John H. Gardner, which was made a part of the answers. The appellees expressly relied upon the proceedings in that action to sustain their respective titles to the two tracts of land now in question; and, in the absence of that record, it will be presumed that it sustained the claim made in the answers.

Judgment affirmed.