CASE 65—PETITION EQUITY—JANUARY 18.

# Williams v. Williams.

APPEAL FROM KENTON CIRCUIT COURT.

DIVORCE AND ALIMONY.—Where the wife filed her petition against the husband making every allegation necessary to entitle her to a divorce, but praying merely for some provision for the support and maintenance of herself and her infant children, and the court, no answer being filed, rendered judgment giving her the custody of the children and fixing the amount to be paid by defendant each month, reserving the case on the docket for further orders, and after this

plaintiff filed an amended petition, reaffirming the allegations of her original petition, and praying for a divorce, which, on final hearing, the court granted, the judgment of divorce did not have the effect to set aside or merge the judgment making an allowance to the wife for the support and maintenance of herself and children.

B. F. GRAZIANI for appellant.

1. Appellee could not maintain an action for alimony alone; it should have been coupled with a suit for a divorce from bed and board, or for an absolute divorce. (Dembitz's Kentucky Jurisprudence, sec. 144.)
2. The final judgment of divorce merged the judgment for maintenance of Feb. 12, 1892. (Gen. Stats., chap. 52, art. 3, secs. 6, 7.)

TISDALE & GRAY and FRANCIS J. HANLON for appellee.

1. An action for alimony or maintenance is maintainable without being joined with an action for divorce. (Civil Code, secs. 420, 423; Hulett v. Hulett, 80 Ky., 364.)
2. The final judgment of divorce in no way, manner or form affected or disturbed the judgment of Feb. 12, 1892.

JUDGE GRACE delivered the opinion of the court.

This case is brought to this court by a petition by appellee, Emma Williams, for a rehearing of this cause on a judgment rendered by the Superior Court of Kentucky on the 5th day of December, 1894, reversing a judgment in her favor rendered by the Kenton Circuit Court on the 3d day of April, 1893, which court, proceeding by rule, required appellant, Norman Williams, to pay to said Emma Williams sixteen dollars and twenty-five cents per month for support of herself and two infant children, same having been on her petition in that court adjudged to her by decree of date, February 12, 1882, she being then the wife of said Norman Williams.

The chief objection and contention by appellant is that the same court by subsequent order of June 8, 1892, decreed a final separation between himself and said Emma as husband and wife, and in said final

decree made no order for support or maintenance of the said Emma and her two children, the argument being that this latter judgment merged, and thus rendered inoperative and void, the former orders recited herein. And this was the view of the Superior Court. This we think was error, and because thereof this petion for a rehearing is granted.

It is shown by the record that appellee's original petition was filed in said court in December, 1891, and that in said petition she makes every allegation necessary to give her a divorce, if shown to be true on the trial—that is, the abandonment of herself and her two infant children by said Norman Williams without any fault on her part, failing and neglecting to make any provision for her or their support, her destitute condition, the tender years of her infant children, with the usual statutory averment as to residence in the State, &c., but not in that petition praying for a divorce, but only for some provision for her support and maintenance, as well as of her infant children. Summons being duly served and proof taken amply sustaining every allegation, the first judgment of 12th of February, 1892, before recited, was rendered, the court adjudging her the custody and care of the children, and fixing the amount to be paid by the husband at sixteen dollars and twenty-five cents per month, and by order reserving the cause on the docket for further orders. After this, and on the 25th of March, 1892 (no answer ever having been filed by defendant), plaintiff, Emma Williams, filed in said cause her amended petition, in which, reaffirming each and every allegation made in her original

petition, she prays the court to grant her a divorce from said Norman Williams.

Summons was issued on this amended petition and served, but no answer filed, and on the 8th of June, 1892, the court heard the case on this amended petition, granting plaintiff the divorce prayed for and still confiding to her the custody of the infant children, with the usual order restoring the property under the statute provided, and making no other or further order in reference to the previous allowance of sixteen dollars and twenty-five cents per month, as fixed in the order of February 12, 1892. It seems, to us that the legal effect of all this was to leave both orders in full force and effect, the latter one granting the divorce and the former one fixing the allowance for maintenance rendered by the same court on the same petition (as amended) in the same cause and between the same parties, and on subjects whereof the chancellor had jurisdiction. We can not see that one order in any way merges, annuls or sets aside, or destroys the other. It was competent for the court either by the original order to make the allowance for maintenance before the divorce was granted, or to engraft same on the final order for divorce. But for the reasons indicated, we think it unnecessary that he should have done this.

He did not understand then nor subsequently when he entered the rule against said appellant to pay the sixteen dollars and twenty-five cents per month, that the one order revoked or annulled the other. He could not have forgotten nor so soon overlooked the previous order granting the maintenance, and both orders being

made in one and the same cause then pending, each order making appropriate provision for the matter in hand, and both being within the jurisdiction of the chancellor, and both being amply supported by the evidence, we are at a loss to see any valid legal objection thereto.

The judgment of the lower court of April 3, 1893, on the rule against appellant, is affirmed.