## Farmers Bank of Frankfort v. Farmers Bank of Wickliffe.

(Decided April 17, 1912.)

### Appeal from Ballard Circuit Court.

Lost Records—Must Be Legally Supplied—Presumption—Court Ruled Correctly.—When the record of an action is lost it must be legally

supplied, and where a lost record has not been legally supplied, it will be presumed on appeal from an order refusing to correct a judgment for clerical misprision, that the court ruled correctly.

JAMES H. POLSGROVE and CORBETT & WHITE for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Farmers Bank of Frankfort lent to the Farmers Bank of Wickliffe at one time $20,000, and later $5,000. All of the money was returned except $4,837.58. J. B. Wickliffe, J. A. Rich and others executed to the Farmers Bank of Frankfort a bond to secure it. The Farmers Bank of Frankfort brought this suit to recover on the bond the balance of the money due it. The sureties filed an answer in which they pleaded in effect that by the bond they only bound themselves for the repayment of the original sum of $20,000, and that they were not bound for the subsequent loan of $5,000. The plaintiff filed a demurrer to the answer. In this condition of things the papers of the case were lost. The circuit court sustained the plaintiff's demurrer to the answer, and the defendants failing to plead further entered a judgment for the amount of the debt with interest from April 18, 1910. The defendants appealed to this court, and on the appeal the judgment was affirmed on the ground that the pleadings in the case were not copied in the transcript, and that the court must presume that the circuit court decided properly. (See Wickliffe, &c. v. Farmers Bank of Frankfort, 142 Ky., 35.) After that judgment had been affirmed and on August 29, 1911, the plaintiff in that case upon notice entered a motion that the court correct the judgment for clerical misprision so as to make it bear interest from the time the money was due, March 2, 1908, instead of from April 18, 1910. The court overruled the motion, holding that there was no clerical error in the judgment. From this judgment the plaintiff appeals.

It is insisted that the plaintiff's petition prayed judgment for the debt with interest from the time the debt was due, and that the entry of the judgment giving interest not from that time, but from April 18, 1910, was a mere error of the clerk and may be corrected on the record as a clerical misprision. But the original pe-

tition in that case is lost as well as the defendant's answer which was filed to it.  Neither of these papers is copied in the transcript before us.  There is copied into the transcript a substitute petition and a substitute answer, and there are attached to these papers certain affidavits showing that they correspond with the original.  But there is in the record no order of the circuit court substituting these papers for those that were lost.  The affidavits are conflicting as to the contents of the original papers.  When the case was here before we said in effect that any alleged error in the judgment could only be inquired into upon an appeal based upon the original record, or such record as might be "legally substituted for it in the Ballard Circuit Court."  The record before us has not been legally substituted for the lost record so far as appears from the transcript.  The method of supplying a lost record is given in chapter 106, Kentucky Statutes.  (See also Commonwealth v. Keger, 1. Duv., 240; Mayo v. Emery, 103 Ky., 637.)  The record not having been legally supplied in any way, we must present that the circuit court ruled properly.

Judgment affirmed.