## Harmon v. Harmon.

(Decided November 9, 1928.)

GEO. H. GALLOWAY and J. M. SIMMONS for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant and appellee are mother and son. In June, 1924, the husband of the appellant and father of the appellee died intestate the owner of a farm of about 109 acres. No administration was had upon his estate, and the appellant and the appellee continued to live together until a short while before this litigation was started when they separated; the appellee and his wife removing to a small house on the premises, the appellant continuing to live in the mansion house.

In January, 1926, the appellant brought suit against her son asking for a settlement of her deceased husband's estate. In this suit she averred that the estate was indebted to her for certain claims against it, which she had paid; that her husband died the owner of no personal estate beyond that of a very trivial value; and that the realty could not be divided without materially impairing its value, for which reason she asked that it be sold, the debts due her paid, and the value of her dower interest paid to her in cash. The next day, as we gather from the record, she filed another suit against her son to collect an alleged individual indebtedness due her from him. The petition in this suit cannot be found by us anywhere in the record, and we gather the purport of its allegations from the answer of her son which is in the record. His answer in substance was a plea of payment. In due

course of time the appellee filed in the first suit, which his mother brought, his answer and counterclaim, the substance of which was first a traverse of the alleged indebtedness due from his father's estate to his mother; secondly, a plea that his father died the owner of a great deal of personal property, the value of which was more than sufficient to discharge the alleged indebtedness his mother claimed and to pay her widow's exemptions to her, and that his mother had converted it to her own use, and, lastly a claim that the property was capable of being divided without impairing its value, and that dower should be set aside to his mother in the property which ought not to be sold.

The appellee also in due course of time brought a suit against his mother; the allegations of his petition being in substance the same as those set up by him by way of defense to the suit first brought by his mother. On motion, all three of these suits were consolidated, and, by pleadings or agreements, the affirmative allegations of all pleadings were controverted. Proof was later taken, and on final hearing the court adjudged that the estate of the deceased husband was not indebted to the appellant, and that the realty was capable of being divided without materially impairing its value. Commissioners were appointed to lay off dower to the appellant, and this they did. She filed exceptions to their report, and on a hearing before the court, partly by deposition and partly by oral proof, it overruled her exceptions to such report, confirmed it, and entered judgment accordingly. From both judgments she appeals.

We are met at the outset by the complaint of the appellee that the appellant failed to properly prepare and file her bill of exceptions, he arguing correctly that, where oral proof is heard, a bill of exceptions embodying it must be prepared and filed in an equity case in the same manner as one is required in a common-law action. Dupoyster v. Fort Jefferson Imp. Co.'s Receiver, 121 Ky. 518, 89 S. W. 509, 28 Ky. Law Rep. 504. We may, however, pass this complaint of the appellee, because the record itself shows, and the clerk so certifies, that there are a number of depositions missing from it which were heard and considered by the lower court. Some of these depositions the appellant undertook to supply in the circuit court, but some she did not. Her attempt to supply them by affidavits filed in this court is, of course, fu-

tile, as they must be supplied in the lower court and not here. See Farmers' Bank of Frankfort v. Farmers' Bank of Wickliffe, 147 Ky. 766, 145 S. W. 746; Center Lumber Co. v. Miller, 158 Ky. 130, 164 S. W. 318. The appellant's grounds for reversal are based solely on questions of fact, first, whether she had established the alleged indebtedness due her from her husband's estate or the appellee had effectively shown that it had been discharged by the appellant's receipt of her husband's personal estate; and, secondly, whether or not dower could be assigned to her in the realty, without materially impairing its value.

It is fundamental that, where the record brought to this court is incomplete, it will be presumed that the missing parts support the judgment of the chancellor. Shannon v. Stratton & Terstegge, 144 Ky. 26, 137 S. W. 850; Sublett v. Gardner's Adm'r, 164 Ky. 385, 175 S. W. 628. We must therefore in this case presume that the missing depositions support the finding of the chancellor, on the disputed questions of fact. His judgment is therefore affirmed.