## Wilson et al. v. Trent.

(Decided April 28, 1931.)

552

HAYNES CARTER for appellants.

J. M. CAMPBELL for appellee.

Opinion of the Court by Judge Willis—Affirming.

W. H. Wilson and J. G. Trent were adjacent land-owners and rival merchants in the town of Big Clifty in Grayson county. A controversy arose between them over a passway, and litigation ensued. The circuit court adjudged a passway in favor of Trent across the northwest end of one of Wilson's lots, extending from the Trent alley to the Terry alley, and required Wilson to remove a fence constructed by him in the passway.

Wilson has prosecuted an appeal, insisting that the judgment rendered was not within the purview of the pleadings. The appeal is prosecuted upon a partial record, which does not contain the evidence, and the sole question presented is whether the pleadings support the judgment. Johns Run Coal Co. v. Little Fork Coal Co., 223 Ky. 230, 3. S. W. (2d) 623. It is urged that the pleadings do not support the judgment, for the reason that the passway adjudged to Trent, and from which Wilson was required to remove his. fence, was not described or claimed by Trent in his answer and counterclaim. The petition of Wilson alleged that he was the owner of two lots separately described. One of the lots was acquired from McGrew, by a deed which reserved a strip 22 feet wide, west of the Johnsey shop, for an alley, when public convenience should require it. It was then alleged that Trent was claiming an alley or passway over both of the plaintiff's lots described in the petition, that he had prosecuted Wilson before a magistrate for obstructing such passway, and was threatening to continue prosecuting him. The petition did not describe the particular passway claimed by Trent, but alleged that it was across both of the lots described in the petition. The answer and counterclaim by Trent averred that he was the owner of two lots adjacent to the Wilson lots, and that some doubt existed as to the exact location of the boundary lines which should be cleared up by a

survey. In another paragraph of his answer and counterclaim, Trent quoted from the McGrew deed to Wilson the portion referring to the 22-foot strip west of the Johnsey shop reserved for an alley, and then alleged:

"The defendant states that said strip of land which the said McGrew attempted to dedicate to the public for use as an alley runs from what is known as the Trent alley to what is now the Terry alley and that said strip of land and lands adjacent thereto, until a short time before the beginning of this action, was by this defendant and the traveling public, and for more than fifteen years next preceding the beginning of this action has been in the actual, peaceable, exclusive, open, notorious, visible, hostile, continuous, uninterrupted adverse possession of the whole of said strip of land mentioned in the petition as well as land adjacent thereto, holding the said 22 feet of ground and occupying and using it for a passway under a claim of right and ownership and adversely to plaintiffs, their immediate grantors, and to all the world."

It is argued that the passway thus described was a different one from that adjudged by the court. The surveyor's report and map are copied in the record, and indicate that the strip reserved in the McGrew deed extended along another side of Wilson's lot, and ran southerly to the new state road. It was apparently a continuation of the Trent alley to the new state road. But that easement or street is not the source of the present controversy. The pleading quoted and the judgment of the court described an easement between the lots owned by Wilson, and running from the Trent alley to the Terry alley. Terry alley is on the opposite side of Wilson's lots, and intersects the new state road at right angles. The passway described by the pleading of Trent and by the judgment of the court ran parallel with the new state road, and intersected Terry alley at a point between the lot acquired by Wilson from McGrew and his next lot to the north.

It is clear, therefore, that the pleading was sufficient to justify the judgment of the court, and it will be presumed, in the absence of a transcript of the testimony, that the proof supported the allegations of the pleading upon which the court rested its judgment. Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824; Sim et al. v. Bishop,

554

177 Ky. 279, 197 S. W. 625; Nuckolls v. Illinois Cent. R. Co., 227 Ky. 836, 14 S. W. (2d) 157; Harmon v. Harmon, 227 Ky. 341, 13 S. W. (2d) 242.

In view of the conclusion reached, it is unnecessary to determine the question discussed in briefs respecting the validity of the order granting the appeal.

The judgment is affirmed.