This is an action brought to adjudge the defendant in contempt for failure to pay arrearages arising out of a decree for separate maintenance. It is admitted that some money is due. Defendant, however, insists that he is no longer liable because in 1928 complainant obtained a decree of absolute divorce without alimony. The maintenance decree provides for payments until the further order of the court.
On April 30th, 1930, two years afterward, the defendant consented through his counsel to the entry of an order directing him to pay $20 per week.
On June 24th, 1930, application was made to this court to hold the defendant in contempt. Vice-Chancellor Backes adjudged him guilty but withheld the issuance of the writ on condition that he make payments of one-third of his weekly income.
In view of these two adjudications made long after the divorce decree, to one of which the defendant consented, he *Page 396 
is barred now from claiming that he is no longer responsible under the maintenance decree. Complainant had a right to assume that he would make the payments as he agreed, and he cannot now raise technical objections to relieve himself of an obligation he voluntarily assumed.
Moreover, a decree for divorce alone does not merge or vacate a prior order for separate maintenance. 30 Corp. Jur. 1076
§ 870. In Williams v. Williams, 96 Ky. 397; 29 S.W. Rep. 132,
the facts were:
Complainant filed her petition for alimony, alleging defendant's desertion and failure to support her and their two children. A decree was awarded directing the defendant to pay complainant $16.25 per week. Several months later complainant filed an amended petition for divorce, basing it on the facts set out in the alimony proceedings. A divorce decree was granted which made no mention of either alimony or of the previous decree. The Kentucky court of appeals held —
"It seems to us that the legal effect of all this was to leave both orders in full force and effect, the latter one granting the divorce, the former one fixing the allowance for maintenance rendered by the same court, on the same petition [as amended], in the same cause, and between the same parties, and on subjects whereof the chancellor had jurisdiction. We cannot see that one order in any way merges, annuls or sets aside, or destroys the other. It was competent for the court either, by the original order, to make the allowance for maintenance before the divorce was granted, or to ingraft same on the final order for divorce; but, for the reason indicated, we think it unnecessary that he should have done this."
On a similar set of facts, the supreme court of the State of California, in the case of Smith v. Smith, 147 Cal. 143;81 Pac. Rep. 411, decided as follows:
"The maintenance decree was still subsisting and enforceable, and provided, as far as any showing to the contrary is concerned, and more effectual than an order for alimony could have done * * * the adequate provision for the *Page 397 
support, which the order of the court under the alimony proceedings, had simply the effect of duplicating."
In Adams v. Adams, 77 N.J. Eq. 123, Vice-Chancellor Leaming states:
"The decree is not in any sense a decree for divorce, but is purely a money decree authorized by the statute in any case where a husband abandons his wife or separates himself from her and refuses and neglects to maintain and provide for her."
It will be observed that the learned vice-chancellor in the case last quoted holds that a separate maintenance decree is merely a money decree. A decree of divorce, on the contrary, has no bearing except on the matrimonial status unless provision for alimony be included therein. I conclude, therefore, that the divorce decree with no provision for permanent alimony does not void the separate maintenance decree.
I will advise an order adjudging the defendant in contempt but will withhold the issuing of a warrant until I can hear counsel as to his ability to pay.