## Robinson v. Robinson.

(Decided Oct. 3, 1933.)

C. C. WALLACE for appellant.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1926 Ida M. Robinson brought suit in the Madison circuit court against her husband, M. M. Robinson, for divorce, alimony, and the custody of their infant children. Shortly thereafter she filed an amended petition withdrawing her prayer for absolute divorce and asking a divorce from bed and board and an allowance for herself and children. On June 3, 1927, judgment was rendered granting her a divorce from bed and board, awarding her the custody of the infant children, and allowing her the sum of $150 a month for the maintenance of herself and children.

On April 18, 1932, M. M. Robinson brought a separate suit in the same court against Ida M. Robinson to obtain a divorce on the ground that the parties had lived apart without any cohabitation for five consecutive years next before the application. In addition to many other things not material, the wife pleaded that her husband had deserted her, and asked for alimony in the sum of $100 a month, in addition to a lump sum of $10,000. The court sustained a motion to strike certain parts of the answer. Later on Ida M. Robinson asked that the former suit in which she had been granted a divorce from bed and board be consolidated with the suit brought by her husband, and that the two causes be heard together. The court overruled the motion, and after hearing the evidence in open court granted the husband an absolute divorce. Mrs. Robinson appeals, insisting that the court should have consolidated the two actions and have awarded her additional alimony.

Even if it be conceded that the court might with propriety have consolidated the two actions and have heard evidence on the question of additional alimony, it is not perceived how the wife was prejudiced by the ruling of the court. As the court declined to hear any evidence on the question of alimony, the judgment of divorce obtained by the husband is not conclusive of the question. On the contrary, the judgment awarding the wife alimony in the action which she brought for divorce from bed and board still remains in full force and effect, Williams v. Williams, 96 Ky. 397, 29 S. W. 132, 16 Ky. Law Rep. 644, subject, however, to the power of the court at any time to revise or set aside the allowance to meet the necessities or equities of the case, Ky. Stats. sec. 2121; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412; Staton v. Staton, 164 Ky. 688, 176 S. W. 21,

L. R. A. 1915F, 820. That being true, the wife may apply in that action and obtain an increased allowance if justified by the circumstances.

Judgment affirmed.