## Noe v. Noe.

Jan. 20, 1942.

R. S. Rose for appellant.

Brock & Jones for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The transcript of the record in this case consists of copies of a judgment entered in the Harlan circuit court February 24, 1938, in a case styled Charley Noe v. Mary Noe, an order in the same styled case entered August 20, 1940, an order in a case styled Mary Noe v. Charley Noe entered September 3, 1940, and the schedule filed by Mary Noe in the Harlan circuit court October 16, 1940. A copy of a judgment in a case styled Mary Noe v. Charley Noe entered in the Harlan circuit court August 22, 1935, was filed in this court with the transcript of the record, but it was not referred to in the schedule filed by appellant in the circuit court, which reads:

"The clerk of this court is hereby ordered and directed to copy for the use of the defendant upon ap-

peal of this case to the Kentucky Court of Appeals the following orders: Judgment entered February 24, 1938, order entered August 20, 1940, order entered September 3, 1940, and certify same.''

The pleadings and the evidence are not before us, and it is impossible to determine from the transcript just what transpired in the circuit court. Appellant in her brief discusses the pleadings and the proof, and we learn from her brief that an action for divorce was instituted by one of the parties to this appeal. It is stated in her brief that an agreed judgment was entered August 22, 1935, granting her a divorce from bed and board and giving her alimony in the sum of $7,000. The copy of the 1935 judgment appearing with the record fails to show that the judgment as to alimony was agreed to between the parties. Mary Noe was granted a divorce from bed and board, and she was given the care and custody of an infant child, Charles Noe, Jr. She was allowed alimony in the sum of $40 a month. Following this allowance this appears in the judgment: ''That same be 'computed' to a lump sum of $7,000 if so paid.'' We construe this as giving the husband the option of commuting the monthly payments to a lump sum if he so desired. In the judgment Mary Noe was also given the residence in which she resided. The judgment entered February 24, 1938, recited that the case had been submitted to the court on the pleadings, proof, and exhibits by agreement of both parties on the question of allowance and alimony. The motion of Mary Noe for a rule against Charley Noe directing him to pay her $420 back alimony was overruled, and it was ordered that he pay to her the sum of $30 per month for the care and maintenance of their infant son, Charles Noe, Jr., until further orders of the court. It was further adjudged that the judgments and orders allowing and directing the payment of alimony theretofore entered be set aside and held for naught. Mary Noe prayed and was granted an appeal to the Court of Appeals, but apparently nothing was done until August 20, 1940, when an order was entered sustaining Charley Noe's motion to discontinue the allowance of $30 monthly to Mary Noe for the support and maintenance of their son, Charles Noe, Jr. The order of September 3, 1940, overruled Mary Noe's motion to set aside all orders made in the case subsequent to the judgment of August 22, 1935.

It appears from appellant's brief that in 1937 Charley Noe filed a petition in the Harlan circuit court under Section 518 of the Civil Code of Practice to set aside the judgment of August 22, 1935, for fraud practiced by the successful party in obtaining the judgment. It seems there was also pending a motion to modify the judgment. Appellant argues that Charley Noe's petition failed to state facts constituting fraud, and that the proof heard by the court was insufficient to authorize the chancellor to vacate the judgment of August 22, 1935, or to modify it. It is stated in briefs that proof was heard orally by the court on motions subsequently made to modify the order allowing Mary Noe alimony, but, as heretofore stated, the pleadings and the proof have not been brought to this court. It has been held in an unbroken line of decisions that in the absence from the record of the pleadings and evidence, it will be presumed that the omitted portions of the record will support the judgment. Demaree v. Demaree, 285 Ky. 672, 149 S. W. (2d) 3; Moran v. Moran, 281 Ky. 739, 137 S. W. (2d) 418; Roberts v. Roberts, 252 Ky. 315, 67 S. W. (2d) 17; Liberty Life Insurance Company v. Strauss, 234 Ky. 608, 28 S. W. (2d) 955. In Smith v. Berry, 164 Ky. 621, 176 S. W. 17, under somewhat similar circumstances, this court said:

"The record before us contains neither the pleadings nor the evidence heard below, with the exception of the original exhibits referred to. In such a case there is nothing for this court to review. It will be conclusively presumed that the omitted portions of the record support the judgment, and the judgment will be affirmed."

In Robinson v. Robinson, 250 Ky. 488, 63 S. W. (2d) 605, it was held that a judgment awarding a wife alimony in a divorce from bed and board is subject to the power of the court at any time to revise or set aside the allowance to meet the necessities or equities of the case.

In the absence of the pleadings and evidence in this case, the judgment must be and it is affirmed.