BLANCHE A. BOWERS, complainant-appellee,

*v.*

FREDERICK J. BOWERS, defendant-appellant.

[Argued May 26th, 1942.   Decided October 15th, 1942.]

*Mr. Thomas Brunetto,* for the appellant.

*Messrs. Ruback & Albach,* for the appellee.

The opinion of the court was delivered by

THOMPSON, J.

This is an appeal by the defendant from an order of the Court of Chancery, denying the motions of the defendant to vacate previous orders, one to punish for contempt, and one to purge from contempt on conditions.

The issue in this matter grows out of the following situation: The wife brought a suit against her husband in 1929 for separate maintenance. In that suit an order was made requiring the husband to pay certain sums for the wife's

support. He continued to comply with the order, except that some time later he and his wife together stipulated, without an order of the court, to a certain temporary reduction in the amount. It appears, however, that in 1931 the wife brought an action for divorce, and on June 15th, 1931, there was a final decree of divorce, but with no provision for the payment of alimony to the wife, and no reference to the previous and pending suit for maintenance under which the order for support was still extant. The husband continued to pay for years following the granting of the divorce, on the basis of the original order in the maintenance suit as modified by the private stipulations between the husband and wife, until some time in 1941, when he discontinued the payments, and upon being adjudged in contempt by an order of March 3d, 1941, and adjudged purged of contempt on conditions by an order of June 23d, 1941, he made application to vacate both of said orders, as nullities, and as improvidently made, claiming that both were allegedly procured and entered under the maintenance suit proceedings, and that such proceedings had become discontinued and of no further force or effect at the time of the entry of the final decree of divorce on June 15th, 1931. The advisory master denied the motions to vacate.

We think the order denying the motions should be sustained.

The failure to apply in the divorce proceeding for alimony in substitution for the support order in the maintenance proceeding is a mere procedural defect, if any, and not one of substance. The Court of Chancery always had jurisdiction of the matter of granting support, both under the maintenance suit and under the divorce action. While, as suggested, better procedure probably would have been to apply when the decree of divorce was entered, for the fixing of alimony in that proceeding, the defendant voluntarily submitted for years to continuance of payment by him to the wife, apparently in pursuance of the original order in the maintenance suit, which order was never modified or revoked by the court, and the wife was certainly led to the belief that the husband did not question the continued authority of the original order. She was thus lulled into a feeling of

security with reference to the authoritative value of the original order. She could have at any time applied to have the amount fixed in connection with her divorce. The defendant was at no time prejudiced, because he was always under the duty to furnish the support, and the form or proceeding in which the court might order him so to do was merely a detail which did not affect the substantial rights of the parties either way.

A similar situation occurred in the case of *Schimek* v. *Schimek*, reported in *109 N. J. Eq.* (at *p. 395*). There the wife had a maintenance decree for support by the husband, and later secured a decree of absolute divorce without provision for alimony. Two years afterward the defendant consented to the entry of an order directing him to pay a stipulated sum per week. Later, on failure to pay, application was made to hold him in contempt. Vice-Chancellor Backes adjudged him guilty but withheld issuance of a writ on a condition to be fulfilled. Still later a proceeding was brought to adjudge the defendant in contempt for failure to pay arrearages arising out of the decree for separate maintenance. Defendant resisted the proceeding on the ground that the complainant's decree of a divorce without alimony released him from liability for support under the maintenance decree. It was held in that case that the defendant was barred from claiming that he was no longer responsible, and that complainant had a right to assume he would make the payment as agreed and that he could not then raise technical objections to relieve himself of an obligation voluntarily assumed, and further that a decree for divorce alone does not merge or vacate a prior order for separate maintenance. The principles enunciated in the *Schimek* Case are applicable to the facts in the case here under consideration.

The order denying the motion to vacate will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.