## Keith et al. v. Baker et al.

February 17, 1948.

S. M. Ward, Judge.

Fred K. Cope for appellants.
Don A. Ward for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellants, defendants below, appeal from an order of the Perry circuit court permanently enjoining them from using a roadway, or that part thereof which crosses appellees' land. The parties owned adjoining farms, appellants having purchased their land in 1944, and had been using the road from that time until they were denied the right and later stopped by temporary restraining order.

As is usual in such cases, the contention of appellants was that the roadway in question had been used by the public for a longer period of time than necessary to give it the character of a public road, and that it was one of necessity, as they had no other way to travel to and from their homes. Appellees' position was that the roadway, or part thereof, had not been used for a sufficient length of time to constitute it a public roadway, or an easement acquired by use; that this was particularly true as to a short portion which had been more recently constructed across a corner of appellees' farm.

Upon submission on pleadings and proof the chancellor in his judgment reviewed and ''found from the evidence'' that if there was a public use creating an easement it was limited in its scope. As to a portion of the roadway the court concluded that defendants had not acquired any right by use. He also found from the evidence that there was no right of defendants by reason of necessity, finding that there was another road, although in bad repair, but which could be repaired and used, the court allowing the use of the roadway in controversy by postponing the effective date of the injunction for about 60 days.

Appellees insist that the judgment must be affirmed because of the admitted fact that the record does not contain all the proof, or all depositions. The record does embody the depositions of appellants, but not the depositions of appellees which the record shows were filed long before submission of the case. The failure to make plaintiffs' depositions a part of the record is no fault of the clerk, since he followed the schedule filed by appellants, and of which filing the plaintiffs waived or accepted notice.

This presents an unusual situation, but does not justify us in not observing the law where this condition of the record appears. The rule is to the effect that when the record does not contain all the pleadings and evidence, the court will assume that such missing portions of pleadings or evidence support the finding of the chancellor. Lewis v. Kash, 239 Ky. 117, 38 S. W. 2d 978; Wilson v. Trent, 238 Ky. 551, 38 S. W. 2d 429; Clark v. Bruchett, 204 Ky. 153, 263 S. W. 746; Noe v. Noe, 289 Ky. 165, 158 S. W. 2d 406.

There was no question raised below, nor here, as to propriety of pleadings; the only question is the effect and result where all depositions are not embraced in the record. The rule is, of course, the same. See recent cases of Conley's Adm'r v. Kindred, 304 Ky. 1, 199 S. W. 2d 610, and Com. ex rel. v. Reynolds, 284 Ky. 809, 146 S. W. 2d 41, and many cases in point noted under Appeal and Error, Key 907(2), 907(4), Kentucky Digest.

Applying the rule it follows that the judgment should be and it is affirmed.