CRAVER *v.* CRAVER

[No. 15, September Term, 1962.]

*Decided October 15, 1962.*

The cause was submitted to the full Court.

Submitted on brief by *Arthur A. Anderson, Jr.,* for the appellant.

458

Submitted on brief by *Theodore G. Bloom* and *Albert J. Goodman* for the appellee.

PER CURIAM.

Pauline A. Craver sued her husband for divorce in 1956. The chancellor denied the divorce but awarded her custody of the children and on April 23, 1957, ordered James F. Craver to pay $45.00 per week for their support. However, the husband failed to keep up the payments. On December 5, 1958, he filed a bill for divorce. The wife filed an answer and cross-bill. On August 3, 1959, the chancellor dismissed the husband's bill, granted a divorce to the wife, and ordered the husband to pay $30.00 per week for the children's support, accounting from the date of the decree. On June 14, 1960, Mrs. Craver filed a petition in the original proceeding asking for a monetary decree in the amount of $2,545.00 representing the arrearage accrued between April 23, 1957, to August 3, 1959. This appeal is from a decree, entered for that sum.

The appellant does not dispute the amount of the arrearage but contends that the decree of August 3, 1959, adjudicated all of the rights of the parties arising out of the marital relation, and effectively terminated the liability for payments in default under the prior decree. We do not agree. The proceeding to convert overdue installments into a lump sum is not a new bill or a supplementary bill based upon new matter. *Leberstein v. Leberstein,* 186 Md. 25, 26. The original decree had "the effect of an adjudication of liabilities thereafter maturing at stated periods". *Marshall v. Marshall,* 164 Md. 107, 116. See also *Bradford v. Futrell,* 225 Md. 512, 524. It is generally held that an award of support is not superseded by a subsequent decree of divorce in another court, so as to terminate liability for amounts overdue. See *Schimek v. Schimek,* 157 A. 649 (N. J.) ; *Bowers v. Bowers,* 28 A. 2d 515 (N. J.) ; 2 Nelson, *Divorce and Annulment,* (2d ed. 1961 rev. vol.) § 16.31; Note 146 A.L.R. 1153, 1160. *Rethorst v. Rethorst,* 214 Md. 1, is distinguishable on the facts. There is no question of laches or acquiescence in the instant case.

*Decree affirmed, with costs.*