### Roemer, et al. v. Mottley, et al.

(Decided November 27, 1914.)

Appeal from Warren Circuit Court.

Bill of Exceptions.—When proof is heard in an equity case orally, it must be brought out by a bill of exceptions as for ordinary actions.

T. W. & R. C. P. THOMAS for appellant.

BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion.

The defendant in this case filed in the circuit court exceptions to the report of sale; on the hearing of the exceptions, proof was heard orally; the exceptions were sustained; and the plaintiff and the purchaser appeal.

The appellants have entered a motion to file with the record in this court a transcript of the evidence taken down in shorthand by the official stenographer and certified by her. No bill of exceptions was filed in the circuit court and no order of the circuit court was made in regard to this evidence. In Dupoyster v. Fort Jefferson Improvement Co., 121 Ky., 521, construing the statutory provisions on the subject, we said:

"It is insisted for appellants that a bill of exceptions is unknown in equity, and that therefore no bill of exceptions was necessary. This is ordinarily true, as equity cases are usually tried upon the record and without oral evidence. But, when oral evidence is heard, it must be made part of the record by bill of exceptions in equity cases, just as it is in ordinary cases, to be considered upon the appeal."

As no bill of exceptions was filed in the circuit court, the motion to file in this court the stenographer's transcript of the evidence certified by her must be overruled. To sustain such a practice would be to obviate the necessity of a bill of exceptions in such cases approved by the circuit judge. The statute requires the approval of the circuit judge to the bill of exceptions, that this court may know that the evidence is correctly reported, and the bill of exceptions must be filed in the circuit court. The paper tendered not being a part of the record in the circuit court, cannot be considered on the appeal. The motion to file it is, therefore, overruled.