## Richardson, et al. v. Bank of Hardinsburg & Trust Company, Administrator, etc.

## Norton v. Bank of Hardinsburg & Trust Company, Guardian, etc.

(Decided November 24, 1922.)

### Appeals from Breckinridge Circuit Court.

Appeal and Error—Finding of Chancellor.—This court will not decide questions of fact upon appeal unless all the evidence relative to them is embraced in the record; and, where oral evidence is heard in an equitable action, if a party desires to appeal from the chancellor's finding of fact, it is his duty to incorporate all the evidence in a bill of exceptions, in order that it may be considered on appeal to this court.

J. M. CHATTERTON and ALLEN R. KINCHLOE for appellants.

CLAUDE MERCER and GUS BROWN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

These two suits were filed in the Breckinridge circuit court against the Bank of Hardinsburg and Trust Company, one by Lola M. Richardson for a settlement of the defendant's accounts as administrator of her deceased husband, A. A. Richardson, and the other for the settlement of the accounts of the defendant as guardian for the three infant children of A. A. Richardson. The latter action was instituted by George A. Norton, a guardian

appointed for the children in California, where they then resided. The two cases were tried together in the lower court, and the chancellor found that the defendant, in its several settlements, had fully accounted for all assets that had come into its hands as guardian and administrator, and in each case dismissed the petition. An appeal from that judgment has been prosecuted.

A. A. Richardson was a merchant at Garfield, Kentucky. He died in 1910, intestate, leaving surviving him a widow, Lola M. Richardson, and three infant children by his marriage to her; also an adult son, I. B. Richardson, by his first marriage. Richardson had been engaged in the mercantile business at Garfield for a great many years, and for several years before his death his son, I. B. Richardson, was a partner in the business. The decedent owned a residence and storehouse at Garfield besides two or three small tracts of land in that vicinity. In the inventory of his estate it is shown that he held notes and accounts for merchandise, amounting to several thousands of dollars, many of which had been held for years and were of little, if any, value. These notes and accounts were not sold because it was believed by the officers of the defendant that they could not be sold for what they were worth, and that it was to the advantage of the estate to collect such of them as were collectible and thus realize their full potential value. The adoption of this policy prevented a final settlement of the administrator's accounts for five or six years, but on the record here we are not prepared to say that the delay thus occasioned was detrimental to the estate. Partial distributions, however, were occasionally made at the insistence of Lola M. Richardson, who, some time after her husband's death, had moved to California to reside, and who was extremely anxious that his affairs be finally settled. Eventually wearying of defendant's procrastination, as it seemed to her, and of its disregard of her requests for itemized statements of expenditures and collections, and evidently being dissatisfied with the partial settlements that had been made, which she believed were unfair to her, these actions were filed. On the trial in the circuit court the settlements in the county court, with the exceptions thereto, were considered as evidence, and it was contended there, as it is here, that the accounts of the administrator and guardian were not properly verified; that there were many items charged to Lola M. Richardson that should not have been so

charged, and others charged to the estate that were not properly proven, and, in any event, should have been charged to the partnership business of A. A. Richardson and Son; that claims against the estate, not properly verified, had been allowed; and that the defendant had generally handled its trust in each case in an inefficient and negligent manner, resulting in a material loss to the estate and to the complainants.

On this appeal we are asked to examine the settlements made in the county court and to disallow certain charges against the estate and against the interests of the wife and infant children therein. Each of these questions would be considered and disposed of if we were not confronted with a preliminary question that of necessity forecloses a determination in this opinion of the points raised. That question is the incompleteness of the record, on account of which we are unable to ascertain the facts with reference to the various contentions of appellants.

The reports of settlement, the statements and vouchers connected therewith, and the depositions of Lola M. Richardson and George A. Norton constitute all the evidence in the record filed in this court. The clerk certifies that the record "is a true and correct copy of the entire record in the above styled action as it was filed in my office." Reference to the judgment, however, discloses the fact that the chancellor below considered the testimony of the administrator, supposedly the trust officer of the defendant, and I. B. Richardson. But their testimony is not in the record. The statement in the judgment, "This is conclusively shown by the testimony of the administrator and Mr. I. B. Richardson, adult son and partner of decedent, A. A. Richardson," must be given some effect. It means that the trial court had the testimony of these witnesses before it, in some form. It may be inferred, from the statement quoted, that the testimony referred to was given orally, and indeed, we are informed in the brief for appellee, that the trust officer of defendant and I. B. Richardson were called by the court, on its own motion, to testify. If it be true, as indicated in the judgment, that these witnesses testified orally, it was the duty of appellants, if they desired to appeal from the judgment of the circuit court, to incorporate that evidence into a bill of exceptions in order that it might be considered on the appeal to this court. This is required in equitable actions as well as in ordi-

nary actions. Dupoyster, etc. v. Ft. Jefferson's Imp. Co.'s Receiver, 121 Ky. 518; Shannon v. Stratton and Terstegge, 144 Ky. 26; and Graves' Committee, et al., v. Lyons, 166 Ky. 446. This court will not decide questions of fact on appeal unless all the evidence relative to them is embraced in the record. A complement to this rule is that the complaining party must file a complete record of the evidence, otherwise it will be presumed that the omitted part supports the finding of the lower court. Informal inquiries by a trial court into the facts at issue in an equitable action are unauthorized by the practice in this state. And in the absence of record evidence to the contrary, it will not be presumed that the trial court departed from the established rules of practice in this case.

In view of the state of this record, we cannot consider the issues of fact presented. They being the only questions raised on the appeal, the judgments are affirmed.