## Stacy v. Caudill et al.

(Decided March 25, 1938.)

842

S. E. DUFF and C. W. NAPIER for appellant.

CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellant, Lloyd Stacy, brought this suit against Alvery Caudill and Billy Baker, judge of the Perry county court, seeking an injunction restraining his prosecution upon a warrant procured by Caudill, and threatened to be tried by the county judge, upon the charge of permitting his stock to run at large. The plaintiff alleged that the citizens of magisterial district No. 5 had filed a petition asking that an election be had upon the repeal of the stock law then in force, Kentucky Statutes, sec. 4645m-1 et seq., and then set up three grounds upon which it was charged the election was rendered void. That an election was held is only inferentially stated, but the date is not disclosed. The judgment recites, however, that the petition shows that an election was held at the regular November, 1937, day "to repeal certain stock laws in that magisterial district," and that a demurrer was sustained to it because it stated that an election had theretofore taken the sense of the voters in the district upon the question and the vote had been cast in favor of the proposition to prohibit stock from running at large, and, "so far as the allegations of the petition were concerned it was against the law for any person to permit stock to run at large in that district." But the copy of the petition in the record before us does not make any such allegations. On leave of court an amended petition was filed in which it is stated that such an election had also been held on August 21, 1933. Both elections were alleged to be illegal and void upon several grounds; therefore,

that the stock law is not now and never has been in force in the district.

There has been sent to this court a transcript of evidence bearing a certificate showing its examination and approval by the circuit judge, but there is no order filing the same as part of or as a bill of exceptions. When oral evidence is heard in an equity case, the evidence must be made a part of the record at the same time and in the same manner as in ordinary cases. It must be preserved by a bill of exceptions prepared and filed. Roemer v. Mottley, 161 Ky. 316, 170 S. W. 649; Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331. The motion of the appellees to strike this transcript is sustained.

The judgment recites:

"At the close of the plaintiff's evidence the defendant introduced a certified copy of an order showing that the prosecution against the plaintiff had been dismissed and the defendants contend that since this was done that this is a moot question. The court is of the opinion, however, that the real question before the court is whether or not there is in force and existence a stock law, or in other words a law which prohibits stock from running at large in Magisterial District No. 5, and the court is of the opinion that this question should be decided in this action and should not be left open for future actions."

The court then proceeds to state that the evidence shows there was no order of the county court directing the holding of the 1933 election on the adoption of the stock law in the district as required by the statute, section 4645m-1, Kentucky Statutes. But as the election was held four years ago and the people had since abided by the result, therefore the court was of the opinion that it was too late to raise the question of its invalidity and adjudged that the law was in force and effect. After making such a declaration, the petition seeking the injunction was dismissed. Since the only relief sought by the plaintiff was an injunction restraining a prosecution under what he alleged were void referendums on the adoption of the stock law, and it was disclosed that the defendants had ceased their efforts to prosecute him, the judgment went beyond the record.

844

The judgment is reversed with directions to set it aside and enter one merely dismissing the petition as presenting a moot case.