## Demaree v. Demaree.

March 11, 1941.

Victor L. Kelley for appellant.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Appellant and appellee were married September 28, 1916. On January 3, 1936, appellant instituted an action for divorce against the appellee on the ground of

cruel and inhuman treatment, and asked for alimony. On March 21, 1936, a judgment was entered granting appellant a divorce from appellee and awarding her alimony of $25 a month, payable on the 18th day of each month, the payments to begin as of March 18, 1936. The judgment concluded as follows:

"The court reserves control of so much of this judgment as covers the allowance made to the plaintiff herein as alimony and reserves the right to change the amount herein awarded to plaintiff as alimony, when the circumstances of the parties warrant it. And either party may have this case reinstated on the docket and submitted on the question of a change in the amount herein awarded as alimony, after due and proper notice to the other party."

It appears that the appellee became in arrears in the payment of alimony, and on July 18, 1938, he was adjudged in contempt and committed to jail. Apparently he later paid the alimony in arrears, and continued to make the monthly payments of $25 until February, 1939. On October 27, 1939, he was served with a notice that Bess Osburn Demaree would move the judge of the Nelson circuit court at the courthouse in Bardstown, Kentucky, on November 1, 1939, to issue a rule against him requiring him to show cause why he should not be punished for contempt of court for failing and refusing to comply with the orders and judgments of the court directing him to pay to appellant the sum of $25 monthly as alimony. On November 9, 1939, the following order was entered:

"This cause coming on to be heard on the rule against defendant, Landon Demaree, to show cause why he should not pay alimony heretofore allowed, it is adjudged by the court that the plaintiff, Bess Demaree, recover of the defendant Landon Demaree the sum of $225.00 which shall be in full of all alimony past due and to become due and be in full and complete settlement of all claim for alimony, and all the former orders of this court are hereby modified to the extent herein set out."

From this order Bess Osburn Demaree has appealed. She insists that there is neither pleading nor proof to sustain the judgment.

There is no bill of evidence in the record, and appellant and appellee disagree in their briefs as to whether or not proof was heard on the motion for a rule made November 1, 1939. It appears that some kind of a proceeding was had at the February, 1939, term of the Nelson circuit court, but the record fails to disclose its nature. Appellant, in her brief, states that evidence was heard at that time on appellee's motion to reduce the amount of the monthly alimony payments. The judgment appealed from indicates that a hearing was had. It may be, as frequently happens in such cases, that the judgment was rendered upon statements of counsel or upon an agreed stipulation of facts orally made. In any event, the facts should have been incorporated in a bill of exceptions, otherwise this court is limited to an examination of the pleadings and if they support the judgment it must be affirmed. We cannot agree with counsel for appellant that additional pleadings were necessary to support the judgment from which the appeal is prosecuted. They were sufficient to support the original judgment granting the divorce and awarding alimony, and, consequently, were sufficient to support a judgment changing the amount of alimony upon a showing of changed conditions. The presence of the parties at the hearing, or opportunity to be present after due and proper notice, was sufficient, without additional pleadings, to warrant a reconsideration by the court of that part of the judgment awarding and fixing the amount of alimony. A hearing was held and the parties were present, and, in the absence of a bill of exceptions, either one approved by the court or a bystander's bill, showing what transpired, it will be presumed that the trial court followed the established rules of practice and that the judgment is supported by what did transpire at the hearing. Richardson v. Bank of Hardinsburg & Trust Company, 196 Ky. 589, 245 S. W. 138. Things that transpired in the trial court, such as the hearing of proof orally, that do not appear in the record in that court must be incorporated in a bill of exceptions in an equity case as well as in ordinary actions. Stephan v. Kentucky Valley Distilling Company, 275 Ky. 705, 122 S. W. (2d) 493; Stacy v. Caudill, 272 Ky. 841, 115 S. W. (2d) 316.

Judgment affirmed.