# Whaley v. Whaley et al.

Jan. 23, 1942.

J. A. Richards and John J. Winn for appellant.

W. B. White and L. A. White for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

On the first appeal (280 Ky. 543, 133 S. W. (2d) 709) the alignment of parties was the same as here. It is not necessary to refer to the former opinion, except insofar as it may relate to the matters here presented. We reversed a former judgment in part, and remanded for entry of consistent judgment, which the court entered. In that opinion we indicated that the husband should have been granted the divorce. The trial court had granted the divorce to the wife on counterclaim; under our consistent rulings we could not interfere with decree. Cases cited.

We reversed so much of the judgment as ordered allowance to the wife of $50 per month as alimony, but held that the amount was proper for the maintenance of the youngest daughter, placed in the custody of the mother. The custody of the older children was awarded to the father; we did not disturb that adjudication. In the judgment, after remand, the chancellor allowed the wife's attorney a fee of $100 for services in this court; it was contended that this allowance should be denied. The wife was also adjudged the sum of $50 per month from the time of the institution of the suit to date of

judgment, as pendente lite allowance for her support and maintenance of the daughter. On May 7, 1940, the wife moved for rule against the husband seeking to have him comply with the court's order as to payments. The husband responded that in the former judgment the wife had been directed to surrender the residence which she, with the children, had occupied since the first judgment.

Further, notwithstanding alimony had been denied, the wife had kept and used the household goods in the residence. It was insisted that she should be required to account for this property and use of the house, by crediting amounts he had been, or might be, required to pay. He also undertook to show such changed financial condition, coupled with his state of health, as not to enable him to earn more than $100 per month.

The wife, denying the allegations of the response, admitted the occupancy of the residence because of lack of ability to procure other quarters, due chiefly to the husband's failure to meet required payments. She also asserted that the older children had been in her care since judgment, and that they, or one of them, had evinced a desire to remain with her, which arrangement would be to its or their best interest, and asked for custody with increased allowance. It appeared that plaintiff was living with his mother, and it was his intention to take the children to that home; that due to the circumstances surrounding the separation there was some antipathy between the children and the grandmother, which if continued would create more or less unhappiness, a condition found by the court to exist.

Later plaintiff, by motion, renewed his request for reduction of allowance for maintenance of the younger child, because payment would not allow him to maintain the other children properly, a matter in which he had not theretofore evinced great interest. The court took up for consideration the issues raised by the pleadings, and in a comprehensive opinion directed a modification of former judgment. He set aside so much of the judgment as awarded the custody of Nancy Bruce to the father, and placed her in the care of the wife. He directed the custody of one of the older girls to the father "on trial" reserving the question to be later determined on treatment of the child during probation. The former allowance was increased to $65; the wife was adjudged the use of the furniture and household goods, but was or-

dered to surrender the residence. There were objections by both parties.

Thereafter plaintiff moved the court to diminish the alimony and allowance for support of the children. Pleas, as in the former instance, raised issues of fact. As we read the pleas, there was not divulged any material difference in respect of change of conditions, but the chancellor reduced the allowance to $50 per month, both parties objecting to adverse rulings.

Appellee insists that the judgment should be affirmed because the three volumes of evidence appearing in the record, one of the first (after remand) and two on the later issues, were not made a part of the record. The contention is meritorious. A survey fails to show a compliance with Code provisions, and pronouncements of this court on the subject. No one of the three volumes of evidence was examined or approved by the chancellor. There is no order making any one of the volumes a part of the record, or a part of a bill of exceptions.

It is well established by numerous opinions that upon a failure to incorporate the testimony, where the evidence in an equity case is heard orally, the court must affirm if the pleadings support the judgment. In the recent case of Stephan v. Kentucky Valley Distilling Co., 275 Ky. 705, 122 S. W. (2d) 493, 496, we wrote:

> "The oral testimony of the witnesses who appeared in open court at the trial, was taken by a stenographer who later transcribed it. The volume containing it has been brought here as a part of the record, but it was never approved by the trial judge, nor is there any order filing it as a part of the evidence heard at the trial. Under numerous rulings of this court that evidence is not presented in a manner to be considered by us, since such proof heard in the trial of any equity proceeding must be made a part of the record by a bill of evidence or a bill of exceptions in the same manner as proof taken in the trial of an ordinary action, and which rule of practice is thoroughly settled in this jurisdiction." Citing cases.

A reference to Demaree v. Demaree, 285 Ky. 672, 149 S. W. (2d) 3, will show an application of the rule in a divorce case where proceedings were strikingly similar to those here. There are more recent opinions adhering

to the rule. Vol 2, Kentucky Digest, Appeal and Error, Key Number System 548(7). What is concluded with reference to the rights of the parties applies to the objection to the allowance of attorney's fee, not discussed in appellant's brief. In the absence of a showing to the contrary, it will be assumed that the chancellor heard proof on this question, and in making the allowance did not abuse his vested discretion. The pleadings, by way of motions, responses and counterclaims, we conclude were in form and substance sufficient to uphold the findings of the chancellor, in respect of each of the separate judgments rendered.

Separate appeals were taken from the three judgments noted above; on motion they were ordered to be and were heard together in this court. For the reason indicated the judgment on each appeal is affirmed.