## Harlow et al. v. Ken-Tex Exploration Co., Inc.

November 9, 1948.

Troy D. Savage for appellants.

Parker W. Duncan for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Ken-Tex Exploration Company, the appellee, sued A. J. Harlow and others, the appellants, for recovery of possession of land. After a transfer of the suit to equity and a hearing of oral testimony upon the merits of the controversy, the chancellor rendered judgment for the company. Harlow and his associates appeal.

The appellants contend that the judgment should be reversed because (A) the petition was insufficient to allege a cause of action and because (B) the evidence was inadequate to bulwark the judgment.

But at the very outset the company directs our attention toward the official stenographic reporter's transcript of evidence in this case and makes the assertion

that such transcript was never approved by the trial court nor made part of a bill of exceptions nor ordered filed as part of this record. After looking into such assertion carefully, we find all of it completely substantiated by the record itself. And, since we have heretofore unequivocally declared that a trial court's events, such as proof heard orally and not appearing in the authenticated record, must be incorporated in a bill of exceptions either in an equity or ordinary case, we now come to find ourselves peering into the basic merits of this particular controversy as "through a glass darkly," or, strictly speaking, not at all. For a declaration of the foregoing procedural principle, see Demaree v. Demaree, 285 Ky. 672, 149 S. W. 2d 3. Application of the principle to the instant case simply means that we have been presented with no official evidence whatever usable by our court in testing out the firmness of the foundation upholding this judgment. Now all this is just like kissing a girl through a hedge fence, where the presence may be very real but the contact very poor. So, in this case the presence of the stenographic transcript is very real but our contact with it is very poor, simply because it is beyond that high hedge called proper procedure.

It is equally well established that in the absence of a bill of exceptions, the only remaining question for our consideration on appeal is that of whether the pleadings support the judgment. See Davidson v. Williams, 303 Ky. 96, 196 S. W. 2d 982.

We take due note of appellants' further contention that there was an agreement, all of which appellee denied vigorously, to the effect that the unofficial transcript might be used in prosecuting an appeal to this court. The record does not specifically show any such agreement, although it does indicate there was an agreement as to a *transfer* of the case to the trial court's equity docket. But even if there had been the very kind of agreement in the case referred to by appellant, still we think the transcript, even though agreed upon as one of undisputed accuracy, would necessarily have had to enter the official record of this case through the formal doorway of a court order filing the transcript as an integral part of such record.

And, so we must revert to appellants' only grounds

of appeal now available for our consideration, viz., that of the insufficiency of the petition. Appellants say the petition was not sufficient because it failed to describe the land accurately. Section 125, Ky. Civil Code, says that a petition for the recovery of land must describe it so that it may be identified. So, the question is whether the description pointed to the idem or the sameness of this land with that of the petition. We find that the description named the county and state where the land was located, also named the abounding landowners on all sides, also named the acreage, also named the grantor, the date, the place of recordation, all pertaining to the instruments under which this recovery was claimed. We believe such a description was ample. If a piece of land can be located by and through a given description, then there would seem to be no voidness for uncertainty within an instrument carrying such a description. Jones v. Hargis, 286 Ky. 353, 150 S. W. 2d 928. This should, we think, apply to a pleading as well as a deed, especially so in the light of the provision of Section 125, Ky. Civil Code. Therefore, this appellee built the house of its legal cause on the sure and unshifting rock of legal adequacy. The petition was good. The description of the land was adequate to lead the uninformed out of its unknown place of location. That met the requirement of the law.

Wherefore, the judgment is affirmed.